Majed Nachawati
mn@fnlawfirm.com
Fears | Nachawati Law Firm
4925 Greenville Avenue, Suite 715
Dallas, Texas 75206
Telephone: (214) 890-0711
Facsimile: (214) 890-0712

David C. Parisi (SBN 162248)
dcparisi@parisihavens.com
Parisi & Havens LLP
15233 Valleyheart Drive
Sherman Oaks, California 91403
Telephone: (818) 990-1299
Facsimile: (818) 501-7852

Attorneys for Plaintiffs

## IN THE UNITED STATES DISTRICT COURT
## FOR THE CENTRAL DISTRICT OF CALIFORNIA
## LOS ANGELES DIVISION

|  |  |
|---|---|
| JILL GUIDO and NATALIE LEFEBVRE on Behalf of Themselves and All Others Similarly Situated<br><br>Plaintiffs,<br><br>v.<br><br>L'OREAL, USA, INC., a Delaware Corporation; and L'OREAL USA PRODUCTS, INC., a Delaware Corporation | CASE NO. **CV11 - 01067** CAS(JCx)<br><br>**COMPLAINT – CLASS ACTION**<br><br>**JURY TRIAL DEMAND**<br>(1) **Uniform Commercial Code Section 2-314;**<br>(2) **Uniform Commercial Code Section 2-315;**<br>(3) **Violation of CLRA § 1750, *et seq.*;**<br>(4) **Violation of Bus. and Profs. Code § 17200, *et seq.*;**<br>(5) **Song-Beverly Consumer Warranty Act**<br>(6) **California Civil Code Section 17500** |

On behalf of themselves and all others similarly situated, Plaintiffs, JILL GUIDO and NATALIE LEFEBVRE, sue Defendants, L'OREAL, USA, INC., and L'OREAL USA PRODUCTS, INC., and in support thereof, state:

# I.

## SUMMARY OF THE CASE

1.     This lawsuit involves Defendants' manufacture and sale of a dangerously flammable hair-care product without adequate labeling.   Garnier Anti-Frizz Serum Anti-Frizz Sleek & Shine Anti-Frizz Serum (a product manufactured and distributed by Defendants) contains two highly flammable chemicals – cyclopentasiloxane and dimethiconol.   The presence of these two chemicals renders this product extremely dangerous when used in connection with heat producing hair styling products.  Despite Defendants' knowledge that this product would be used for just such a purpose, Defendants fail to warn consumers of this danger.  This lawsuit is brought to seek damages and injunctive relief on behalf of Plaintiffs and members of the Class for purchasing a product which is not merchantable or fit for its intended purpose as labeled.  Plaintiffs also seek appropriate injunctive relief to remedy Defendants' misrepresentation of the character of its product by failing to advise them of this important information about the product they were purchasing.

# II.

## PARTIES

2.     Plaintiff, JILL GUIDO, is a resident of Los Angeles, California.

3.     Plaintiff, NATALIE LEFEBVRE, is a resident of Irvine, in Dallas County, Texas.

4.     Defendant L'Oreal USA, Inc. is a Delaware corporation with its principal place of business at 575 5th Avenue, New York. L'Oreal USA, Inc. does business in New York and throughout the United States.

5.     Defendant, L'Oreal USA Products, Inc. is a Delaware corporation with its principal place of business at 575 5th Avenue, New York. L'Oreal USA Products, Inc. does business in California and throughout the United States.

# III.

## <u>JURISDICTION AND VENUE</u>

6.     This Court has jurisdiction over this matter pursuant to 28 U.S.C. §1332 (federal diversity jurisdiction), as one or more members of the proposed class are residents of a different state from Defendants and the aggregated amount in controversy likely exceeds the jurisdictional amount required by that code section ($5,000,000).

7.     Venue is appropriate in this District because Plaintiff Guido is a resident of the District and Defendant has sold its goods within the Central District of California.

8.     This Court has personal jurisdiction over Defendants because Defendants extensively advertise their products to California residents and because Defendants purposefully avail themselves of distribution chains likely to lead to the sale of their products to California residents.  Defendants' sales in recent years have averaged $2.1 billion in sales in North America for the consumer's cosmetics and beauty products division, including sales of the Garnier line of products.   Defendants claim to control 15% of the worldwide cosmetics market with sales in excess of $15 billion dollars.  Defendants manufacture, market and distribute such brands as Maybeline New York, Ralph Lauren, Redken, Lancome, Vichy, and L'Oreal Paris.  Defendants' websites advertise their products through-out the United States, Europe, and most of the world. Upon information and be-lief, Defendants products are ultimately sold to millions of California residents.

9.     Defendants' extensive business and advertising engagements with California residents constitute purposeful availment of this forum sufficient to subject Defendants to suit in this forum.  Because of Defendants' significant con-tacts with this forum, assertion of jurisdiction to remedy Defendants' conduct does not offend traditional notions of fair play and substantial justice.

# IV.

## STATEMENT OF FACTS

10. This is a consumer Class Action lawsuit pursuant to Federal Rules of Civil Procedure 23(a), (b)(1), (b)(2), and (b)(3).

11. The basis for Plaintiffs' claims rest on Defendants' sale of a flammable hair-care product without warning consumers, such as Plaintiffs, of the dangers of using the product with heat producing hair styling appliances.

12. Garnier Anti-Frizz Serum Sleek & Shine ("Anti-Frizz Serum") is a hair styling promoted to and sold to consumers. Anti-Frizz Serum is marketed for use against "frizzy, dry and unmanageable" hair.

13. Anti-Frizz Serum is available in drug stores, retail outlets, and supermarkets. It is also available online. Anti-Frizz Serum is sold throughout the State of California and the United States.

14. Hair products such as Anti-Frizz Serum are typically used by consumers just before styling their hair using a blow-dryer, curling iron, straightening iron, or straightening comb ("styling appliance"). Defendants are aware that Anti-Frizz Serum is used in such a manner.

15. Anti-Frizz Serum's main ingredients are cyclopentasiloxane and dimethiconol.

16. These materials each have a flashpoint of only 171 degrees Fahrenheit or 77 degrees Celsius. A material's flashpoint is the temperature that the vapor of a material will ignite.

17. The normal heating range for common styling appliances is considerably greater than 200 degrees Fahrenheit.

18. Thus, Anti-Frizz Serum is flammable when used in conjunction with most ordinary heated styling appliances.

19.     Anti-Frizz Serum therefore poses an extreme and unreasonable danger to consumers who use styling appliances after applying Anti-Frizz Serum to their hair.

20.     Defendants are aware of this danger, yet do not warn consumers about the danger of using their product with heated styling appliances.

21.     In fact, Defendants promote Anti-Frizz Serum as hair-styling product that the consumer could liberally apply to hair before using a heated hair-styling appliance.

16.     On the Garnier website and on Anti-Frizz Serum product packaging, Defendants advise to use "as much as needed for your hair type," "do not rinse," and "[f]or the sleekest look, style using brush and blowdryer."

17.     On Plaintiffs product packaging, however, Defendants provided no warning of any kind about the flammability of the product, or the danger of using the product in conjunction with a heated hair styling appliance.

18.     Defendants knew or should have known that their Anti-Frizz Serum's main ingredients are cyclopentasiloxane and dimethiconol and that those substances are highly flammable.

19.     Defendants knew or should have known that styling appliances typically generate heat in the range considerably in excess of 200 Fahrenheit.

20.     Defendants also knew or should have known that their customers would likely use their Anti-Frizz Serum in combination with a heated hair styling product.

21.     In fact, a personal injury lawsuit was filed against Defendants involving just such a dangerous combination.  The lawsuit involves a teenager who suffered serious burns to her head and scalp when the product caught fire after being applied followed by use of a heated hair styling appliance.  The plaintiff in that lawsuit was using a heated hair straightening comb when the fire

occurred. Thus, Defendants have actual notice of the unsafe and defective nature of the product and have had an opportunity to cure the defect.

22.     Despite this knowledge, Defendants failed to warn consumers that their products were defective and/or posed a substantial and unreasonable risk of burns.

23.     In fact, Defendants expressly attempt to lull consumers into a feeling of safety by posting the following on their website:

> Garnier uses methodologies recognized by the international scientific community as part of its product and claim development process which evaluates the safety and effectiveness of ingredients, finished products, and marketing claims. . . . The Garnier products benefit from scientific and customer research gathered at 13 research centres and 13 evaluation centres around the world. . . . We also conduct independent clinical studies to assess the effectiveness and safety of our products. . . .

24.     Plaintiffs and Class Members would not have purchased Anti-Frizz Serum if Defendants had disclosed the fact that Anti-Frizz Serum was highly flammable and unsuitable for use in conjunction with heated styling appliances.

25.     Furthermore other manufacturers of comparable anti-frizz products (which also contain cyclopentasiloxane and dimethiconol) have adequate warning labels regarding those products flammability.

26.     Thus, because Defendants failed to warn purchasers of the dangerous nature of its product when used in connection with heated hair styling products, Defendants were able to charge higher prices for their product.

27.     Plaintiffs and Class Members were mislead into paying this higher price because they believed that Defendants' product was safe to use with styling appliances.

28.    Therefore, Plaintiffs and Class Members suffered actual damages as a result of Defendants' actions.

29.    Plaintiffs and the Class also seek a recall of the product and to re-label the product with adequate warnings, as Defendants have, to date, failed to do so.

30.    Plaintiffs seek damages for their injuries, an injunction to protect those not yet harmed by Defendants' activities, and attorneys' fees and other costs associated with bringing this action.

## V.

## CLASS ACTION ALLEGATIONS

31.    Pursuant to Fed. R. Civ. P. 23(b)(3), and 23(b)(2) Plaintiffs bring this action on behalf of themselves, and all others similarly situated, as representatives of the following class (the "Class"):

> All individuals who purchased Garnier Anti-Frizz Serum Sleek & Shine Anti-Frizz in the United States during the period of February 2, 2007 through the present.

> California Class:    For the California causes of action, Plaintiffs seeks a class of all California residents who purchased Garnier Anti-Frizz Serum Sleek & Shine Anti-Frizz Serum since February 2, 2008.

> Excluded from the classes are Defendants as well as all employees of this Court, including, but not limited to, Judges, Magistrate Judges, clerks and court staff and personnel of the United States District Courts of the Central District of California, the United States Court of Appeals for the Ninth Circuit and the United States Supreme Court; their spouses and any minor children living in their households and other persons within a third degree of relationship to any such Federal Judge; and finally, the entire jury venire called to for jury service in relation to this lawsuit. Also excluded from the class are any attorneys or other employees of any law firms

hired, retained and/or appointed by or on behalf of the named Plaintiff to represent the named Plaintiff and any/or any proposed class members or proposed class in this lawsuit.

Also excluded from the Classes are any persons who have sustained physical injury as a result of the defects at issue in this litigation. Furthermore, to the extent that undersigned counsel has any legal interest to damages or other monetary relief, or other relief due to the putative class (or any other rights as potential putative class members), arising as a result of the causes of action asserted in this litigation, such interest is hereby disclaimed by undersigned counsel.

32.    The requirements of Fed. R. Civ. P. 23 are met in this case. The Class, as defined, is so numerous that joinder of all members is impracticable. Although discovery will be necessary to establish the exact size of the class, it is likely, based on the nature of Defendant's business, that it numbers in the millions.

33.    There are questions of fact and law common to the Class as defined, which common questions predominate over any questions affecting only individual members. The common questions include:

        a.    Whether Defendants failed to warn Plaintiffs and members of the fact of material facts regarding the flammability of its product;

        b.    Whether the Plaintiffs and the Class were mislead by Defendants' actions.

        c.    Whether Defendants actions breached implied warranties with Plaintiffs and the Classes;

        d.    Whether Defendants' are deceptive, unlawful, unfair and fraudulent business practices with respect to the sale and marketing of Anti-Frizz Serum;

e.     Whether Plaintiffs and the Class are entitled to damages; and

f.     Whether Plaintiffs and the Class are entitled to appropriate injunctive relief.

39.     Plaintiffs can and will fairly and adequately represent and protect the interests of the Class as defined and have no interests that conflict with the interests of the Class. This is so because:

a.     All of the questions of law and fact regarding the liability of the Defendant are common to the class and predominate over any individual issues that may exist, such that by prevailing on their own claims, Plaintiffs will necessarily establish the liability of the Defendant to all class members;

b.     Without the representation provided by Plaintiffs, it is unlikely that any class members would receive legal representation to obtain the remedies specified by relevant statutes and the common law;

c.     Plaintiff has retained competent attorneys who are experienced in the conduct of class actions. Plaintiffs and their counsel have the necessary resources to adequately and vigorously litigate this class action, and Plaintiffs and their counsel are aware of their fiduciary responsibility to the class members and are determined to diligently discharge those duties to obtain the best possible recovery for the Class.

34.     Defendant's actions have affected numerous consumers in a similar way. The class action is superior to any other method for remedying Defendants' actions given that common questions of fact and law predominate. Class treatment is likewise indicated to ensure optimal compensation for the Class and limiting the expense and judicial resources associated with thousands of potential claims.

# VI.

## CAUSES OF ACTION

### COUNT I – Uniform Commercial Code Section 2-314

### (all Plaintiffs against all Defendants)

35.    Plaintiffs incorporate by reference each proceeding and succeeding paragraph as though set forth fully at length herein.

36.    Defendants violated Uniform Commercial Code ("UCC") code Section 2-314 which provides that every merchant impliedly warrants that its goods shall be merchantable.

37.    Defendants (a "merchant" within the meaning of the UCC) manufactured, distributed and marketed Anti-Frizz Serum (a "good" within the meaning of the UCC) and impliedly represented that it was fit for ordinary use.

38.    Plaintiffs reside in states where either direct privity is not required for an implied warranty claim or where privity is satisfied by a claim against a product manufacturer by a vertical purchaser.

39.    Defendants breached their implied warranty of merchantability to Plaintiffs because Anti-Frizz Serum would not pass without objection in the trade because it was defective and unsafe.

40.    Defendants breached their implied warranty of merchantability to Plaintiffs because Anti-Frizz Serum was not fit for its ordinary purpose which it is used.

41.    Defendants breached their implied warranty of merchantability to Plaintiffs because Anti-Frizz Serum was not adequately contained, packaged and labeled because it lacked a warning label about risk of flammability when used with heated styling appliance.

42.     Defendants breached their implied warranty of merchantability to Plaintiffs because Anti-Frizz Serum and did not conform to the promises or affirmations of fact made on the container or label.

43.     Plaintiffs and members of the Class reasonably expected that the product, when used in a reasonably foreseeable manner, would not be flammable.

44.     By manufacturing and distributing such a product without proper warning, Defendants breached their implied warranty of merchantability and are liable to Plaintiffs.

45.     Plaintiffs and the Class have sustained damages as a result Defendants' breaches.

46.     Defendants are on notice of the particular alleged breaches of implied warranties and have failed to rectify the consequences of their conduct detailed above.

47.     Plaintiffs and members of the Class are entitled to damages and other legal and equitable relief including appropriate attorneys' fees.

## COUNT II – Uniform Commercial Code Section 2-315
### (all Plaintiffs against all Defendants)

48.     Plaintiffs incorporate by reference each proceeding and succeeding paragraph as though set forth fully at length herein.

49.     Defendants violated Uniform Commercial Code ("UCC") code Section 2-315 by implying that their Anti-Frizz Serum is fit for a particular purpose.

50.     Defendants ("merchants" within the meaning of the UCC) manufactured, distributed and marketed Anti-Frizz Serum (a "good" within the meaning of the UCC) and impliedly represented that it was fit for a particular purpose – hair styling their using heated hair styling appliances.

51.    Plaintiffs and members of the Class reasonably relied on Defendants skill and judgment to furnish goods fit for this purpose.

52.    By manufacturing and distributing such a good without a proper warning, Defendants breached their implied warranty of fitness for a particular purpose and are liable to Plaintiffs and the Class.

53.    Plaintiffs and the other members of the Class have sustained damages as a result of Defendants' breaches.

54.    Plaintiffs reside in states where either direct privity is not required for an implied warranty claim or where privity is satisfied by a claim against a product manufacturer by a vertical purchaser

55.    Defendants are on notice of the particular alleged breaches of implied warranties and have failed to rectify the consequences of their conduct detailed above.

56.    Plaintiffs and members of the Class are entitled to damages and other legal and equitable relief including reasonable attorneys' fees.

57.    Plaintiffs also seek injunctive relief to remedy this harm.

## COUNT III – CONSUMER LEGAL REMEDIES ACT, CAL. CIV. CODE § 1750, *ET SEQ.* (Plaintiff GUIDO vs. all Defendants)

58.    Plaintiffs incorporate the above allegations by reference as if set forth herein at length.

59.    In violation of Civil Code section 1750, *et seq*. (the "CLRA"), Defendants have engaged in and are engaging in unfair and deceptive acts and practices in the course of transactions with Plaintiffs, and such transactions are intended to and have resulted in the sales of services to consumers. Plaintiffs and the Class members are "consumers" as that term is used in the CLRA because they sought or acquired Defendant's good or services for personal, family, or

household purposes. Defendants' past and ongoing acts and practices include but are not limited to:

    a)    Defendants' representations that their services have characteristics, uses, and benefits that they do not have, in violation of Civil Code § 1770(a)(5); and

    b)    Defendants' representations that their services are of a particular standard, quality and grade but are of another standard quality and grade, in violation of Civil Codes § 1770(a)(7).

60.    Defendants' violations of Civil Code § 1770 have caused damage to Plaintiffs and the other Class members and threaten additional injury if the violations continue. This damage includes the losses set forth above.

61.    At this time, Plaintiff Guido and the California Class seek only injunctive relief under this cause of action. Pursuant to California Civil Code, Section 1782, Plaintiffs will notify Defendants in writing, to the extent it is deemed that this complaint is not sufficient writing, of the particular violations of Civil Code, Section 1770 and demand that Defendants rectify the problems associated with their behavior detailed above, which acts and practices are in violation of Civil Code § 1770.

62.    If Defendants fail to respond adequately to Plaintiffs' above described demand within thirty (30) days of Plaintiffs' notice, pursuant to California Civil Code, Section 1782(b), Plaintiffs will amend the complaint to request damages and other relief, as permitted by Civil Code, Section 1780.

## COUNT IV – Unfair Competition Law, Cal. Bus. & Prof. Code § 17200
## (Plaintiff GUIDO vs. all Defendants)

63.    Plaintiff Guido incorporates the above allegations by reference as if set forth herein at length.

64.     In violation of California Business and Professions Code § 17200 *et seq.*, Defendants' conduct in this regard is ongoing and includes, but is not limited to, unfair, unlawful and fraudulent conduct.

65.     By engaging in the above-described acts and practices, Defendants have committed one or more acts of unfair competition within the meaning of the UCL and, as a result, Plaintiffs and the Class have suffered injury-in-fact and have lost money and or property.

66.     Defendants' business acts and practices are unlawful, in part, because they violate California Business and Professions Code § 17500, *et seq.*, which prohibits false advertising, in that they were untrue and misleading statements relating to Defendants' performance of services and with the intent to induce consumers to enter into obligations relating to such services, and regarding statements Defendants knew were false or by the exercise of reasonable care Defendants should have known to be untrue and misleading.

67.     Defendants' business acts and practices are also unlawful in that they violate the California Consumer Legal Remedies Act.  Defendants are therefore in violation of the "unlawful" prong of the UCL.

68.     Defendants' acts and practices were fraudulent within the meaning of the UCL because they are likely to mislead the members of the public to whom they were directed.

69.     Plaintiff Guido and the California Class have suffered damages as a result of Defendants' actions.

70.     Plaintiff Guido also seeks appropriate injunctive relief.

## COUNT V – Song-Beverly Consumer Warranty Act

## (Plaintiff GUIDO vs. all Defendants)

71.     Plaintiffs incorporate by reference each proceeding and succeeding paragraph as though set forth fully at length herein.

72.     Plaintiff Guido and members of the California Class are "retail buyers" within the meaning of Section 1791(b) of the California Civil Code.

73.     Defendants Anti-Frizz Serum is a "consumer good" within the meaning of Section 1791(a) of the California Civil Code.

74.     Defendants are "manufacturers" of Anti-Frizz Serum pursuant to Section 1791(j) of the California Civil Code.

75.     Defendants, by selling an unreasonably dangerous product without an adequate label breached their implied warranty of merchantability, as they distributed a product to Plaintiff Guido and the California Class that would not pass in the relevant trade or industry.

76.     Defendants knew or should have known that Plaintiff Guido and members of the Class would use their product while their hair was wet and in conjunction with heated hair styling appliances.   Defendants also knew or should have known that Plaintiff Guido and members of the Class would rely on Defendants skill and judgment in providing them with a product which was suitable for this purpose.

77.     Plaintiff Guido and other members of the California Class did in fact purchase Anti Frizz Serum for this particular purpose and did in fact reasonably rely on Defendants skill and judgment to furnish a suitable product.

78.     By manufacturing and distributing its Anti-Frizz product without an adequate warning, Defendants breached their implied warranty of fitness for a particular purpose.

79.    As a proximate result of L'Oreal's breach of the implied warranty of fitness, Plaintiff Guido and members of the Class sustained damages, including the purchase price of Defendants' Anti-Frizz Serum.

80.    Plaintiff Guido and the proposed class seek damages for this harm as well as injunctive relief to remedy this harm.

## COUNT VI – False Advertising Cal. Bus. & Prof. Code § 17200
## (Plaintiff GUIDO vs. all Defendants)

81.    Plaintiffs incorporate the above allegations by reference as if set forth herein at length.

82.    Defendants actions constitute of unfair competition and unfair or fraudulent business acts and/or practices within the meaning of California Business & Professions Code, section 17200, *et seq.*

83.    Defendants have engaged in "unlawful" business acts and practices by designing, manufacturing, licensing, promoting, and/or distributing Anti-Frizz Serum and presenting it as a safe, quality "leave-in" hair product when, in fact, Anti-Frizz Serum is highly flammable and extremely and unreasonably dangerous, particularly when used with heated hair styling appliances.

84.    Defendants business acts and practices violated various federal Food, Drug and Cosmetic Act regulations, including, *inter alia*, 21 CFR 740.1, which provides that cosmetics that may be hazardous to consumers (for example, cosmetics that are flammable) must bear appropriate label warnings.

85.    Defendants' business acts and practices also violated various state laws, including, inter alia, the California Business and Professions Code, section 17500, et seq., which prohibits false advertising and the California Consumer Legal Remedies Act, California Civil Code, Section 1750, et seq.

86.    Furthermore, Defendants have engaged in "unfair" business acts or

practices in that it failed to warn Plaintiff Guido and the Class that its Anti-Frizz Serum was defective, unsafe to use with styling appliances, highly flammable, and posed a serious risk of physical injury to the neck, head and face.

87.    Further, Defendants conduct has enabled them to price their Anti-Frizz Serum below the true market value of properly labeled anti-frizz serum. Thus, Defendant has unfairly diverted sales to itself that it would not have otherwise obtained.

88.    Defendants actions also constitute "fraudulent" business acts or practices in that their conduct had a tendency and likelihood to deceive persons to whom such conduct is targeted by designing, manufacturing and distributing their Anti-Frizz Serum as a safe and quality "leave-in" hair when in fact it was not suitable for ordinary uses and posed a serious risk or bodily harm when used with heated styling appliances.

89.    Plaintiff Guido and members of the California Class were deceived by Defendants representations.

90.    Plaintiff Guido and members of the Class relied on Defendants' representations.  This reliance was reasonable under the circumstances.

91.    Plaintiff Guido and members of the California Class have suffered injuries as a direct and proximate result of Defendants' actions..

92.    Plaintiff Guido and members of the Class would not have purchased Serum had they known of the defective and unsafe nature of the product.

93.    Defendants' actions also constitute "unfair, untrue or misleading advertising."

94.    Pursuant to sections 1791.1(d) and 1794 of the California Civil Code, Plaintiff Guido and the class seek damages, civil penalties and other legal and equitable relief including, a right of reimbursement, as well as costs, expenses and attorneys' fees.

95.    Plaintiff and the Class also seek appropriate injunctive relief.

## REQUEST FOR RELIEF

WHEREFORE, Plaintiffs, on behalf of himself and the Classes request the following relief:

A.    An order certifying that this action is properly brought and may be maintained as a class action under Rule 23 of the Federal Rules of Civil Procedure, that Plaintiffs be appointed as Class Representatives for the Classes, and that Plaintiffs' counsel be appointed Class Counsel;

B.    An award of damages, except as to the CLRA claim as alleged above;

C.    Treble and or punitive damages should if it is determined that the Defendants acted in willful or reckless disregard of the law;

E.    An award of reasonable attorneys' fees and costs; and

F.    Such other relief at law or equity as the Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Plaintiffs demand a trial by jury of all issues so triable.

Respectfully submitted,

By: _____
David C. Parisi

**PARISI AND HAVENS LLP**

David C. Parisi (SBN 162248)
15233 Valleyheart Drive
Sherman Oaks, CA 91403-1545
Telephone: 818-990-1299
Facsimile: 818-501-7852
Email: dcparisi@parisihavens.com

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**FEARS | NACHAWATI LAW FIRM**

Majed Nachawati (not admitted)
Texas State Bar Number 24038319
mn@fnlawfirm.com
Bryan Fears (not admitted)
Fears | Nachawati Law Firm
4925 Greenville Avenue, Suite 715
Dallas, Texas 75206
Telephone: (214) 890-0711
Facsimile: (214) 890-0712

**ATTORNEYS FOR PLAINTIFFS**

## DECLARATION OF DAVID C. PARISI

I, David Parisi, hereby declare on oath as follows:

1.      I am an attorney licensed to practice law in the state of California. I am over the age of 18 years and I have personal knowledge of the matters attested to herein. If called upon to testify, I would and could competently do so.

1.      I make this declaration pursuant to California Civil Code section 1780(c) on behalf of my clients, Plaintiffs JILL GUIDO and NATALIE LEFEBVRE on behalf of themselves and all others similarly situated.

2.      Defendant L'Oreal USA, Inc. is a Delaware corporation with its principal place of business at 575 5th Avenue, New York. L'Oreal USA, Inc. does business in New York and throughout the United States.

3.      Defendant, L'Oreal USA Products, Inc. is a Delaware corporation with its principal place of business at 575 5th Avenue, New York. L'Oreal USA Products, Inc. does business in California and throughout the United States.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Dated this 3rd day of February 2011 at Sherman Oaks, California.



David C. Parisi

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

This case has been assigned to District Judge Christina A. Snyder and the assigned discovery Magistrate Judge is Jacqueline Chooljian.

The case number on all documents filed with the Court should read as follows:

## CV11- 1067 CAS  (JCx)

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

=================================================

**NOTICE TO COUNSEL**

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

| | | |
|---|---|---|
| **[X] Western Division**<br>312 N. Spring St., Rm. G-8<br>Los Angeles, CA 90012 | **[ ] Southern Division**<br>411 West Fourth St., Rm. 1-053<br>Santa Ana, CA 92701-4516 | **[ ] Eastern Division**<br>3470 Twelfth St., Rm. 134<br>Riverside, CA 92501 |

Failure to file at the proper location will result in your documents being returned to you.

Name & Address:
David C. Parisi (SBN 162248)
Parisi & Havens LLP
15233 Valleyheart Drive
Sherman Oaks, California 91403

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JILL GUIDO and NATALIE LEFEBVRE on Behalf of Themselves and All Others Similarly Situated,<br><br>PLAINTIFF(S)<br>v.<br><br>L'OREAL, USA, INC., a Delaware Corporation; and L'OREAL USA PRODUCTS, INC., a Delaware Corporation,<br><br>DEFENDANT(S). | CASE NUMBER<br><br>CV11-01067<br><br><br><br>SUMMONS |

TO:    DEFENDANT(S): _____
_____

A lawsuit has been filed against you.

Within _2 1_ days after service of this summons on you (not counting the day you received it), you must serve on the plaintiff an answer to the attached ☑ complaint ☐ _____ amended complaint ☐ counterclaim ☐ cross-claim or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff's attorney, _David C. Parisi_____, whose address is _Parisi & Havens LLP, 15233 Valleyheart Drive, Sherman Oaks, California 91403_____. If you fail to do so, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

FEB - 3 2011

Clerk, U.S. District Court

Dated: _____

By: _____
              Deputy Clerk

              (Seal of the Court)

*[Use 60 days if the defendant is the United States or a United States agency, or is an officer or employee of the United States. Allowed 60 days by Rule 12(a)(3)].*

Name & Address:
David C. Parisi (SBN 162248)
Parisi & Havens LLP
15233 Valleyheart Drive
Sherman Oaks, California 91403

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JILL GUIDO and NATALIE LEFEBVRE on Behalf of Themselves and All Others Similarly Situated,<br><br>PLAINTIFF(S)<br><br>v.<br><br>L'OREAL, USA, INC., a Delaware Corporation; and L'OREAL USA PRODUCTS, INC., a Delaware Corporation,<br><br>DEFENDANT(S). | CASE NUMBER<br><br>CV11-01067 CAS (JCx)<br><br><br>SUMMONS |

TO:    DEFENDANT(S): _____

A lawsuit has been filed against you.

Within __2 1__ days after service of this summons on you (not counting the day you received it), you must serve on the plaintiff an answer to the attached ☑ complaint ☐ _____ amended complaint ☐ counterclaim ☐ cross-claim or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff's attorney, __David C. Parisi__ _____, whose address is __Parisi & Havens LLP, 15233 Valleyheart Drive, Sherman Oaks, California  91403__ . If you fail to do so, judgment by default will be entered against you for the relief demanded in the complaint.  You also must file your answer or motion with the court.

Clerk, U.S. District Court

Dated:    FEB - 3 2011

By: _____
JULIE PRADO
Deputy Clerk

(Seal of the Court)

*[Use 60 days if the defendant is the United States or a United States agency, or is an officer or employee of the United States. Allowed 60 days by Rule 12(a)(3)].*

UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
CIVIL COVER SHEET

| I (a) PLAINTIFFS (Check box if you are representing yourself ☐) | DEFENDANTS |
|---|---|
| JILL GUIDO and NATALIE LEFEBVRE on Behalf of Themselves and All Others Similarly Situated | L'OREAL, USA, INC., a Delaware Corporation; and L'OREAL USA PRODUCTS, INC., a Delaware Corporation |

| (b) Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.) | Attorneys (If Known) |
|---|---|
| David C. Parisi; Azita Moradmand<br>Parisi & Havens LLP, 15233 Valleyheart Drive, Sherman Oaks, California 91403; (818) 990-1299 | |

| II. BASIS OF JURISDICTION (Place an X in one box only.) | III. CITIZENSHIP OF PRINCIPAL PARTIES - For Diversity Cases Only (Place an X in one box for plaintiff and one for defendant.) | | | | |
|---|---|---|---|---|---|
| | | PTF | DEF | | PTF DEF |
| ☐ 1 U.S. Government Plaintiff   ☐ 3 Federal Question (U.S. Government Not a Party) | Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4   ☐ 4 |
| ☐ 2 U.S. Government Defendant   ☒ 4 Diversity (Indicate Citizenship of Parties in Item III) | Citizen of Another State | ☒ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5   ☒ 5 |
| | Citizen or Subject of a Foreign Country ☐ 3 | ☐ 3 | | Foreign Nation | ☐ 6   ☐ 6 |

IV. ORIGIN (Place an X in one box only.)

☒ 1 Original Proceeding   ☐ 2 Removed from State Court   ☐ 3 Remanded from Appellate Court   ☐ 4 Reinstated or Reopened   ☐ 5 Transferred from another district (specify):   ☐ 6 Multi-District Litigation   ☐ 7 Appeal to District Judge from Magistrate Judge

V. REQUESTED IN COMPLAINT:   JURY DEMAND: ☒ Yes   ☐ No (Check 'Yes' only if demanded in complaint.)

CLASS ACTION under F.R.C.P. 23: ☒ Yes   ☐ No   ☐ MONEY DEMANDED IN COMPLAINT: $_____

VI. CAUSE OF ACTION (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
1) U.C.C. § 2-314; 2) U.C.C. § 2-325; 3) Viol. of CLRA; 4) Viol. of Bus. & Profs. Code § 17200; 5) Song-Beverly Consumer Warranty Act; 6) Cal. Civ. Code § 17500

VII. NATURE OF SUIT (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | TORTS<br>PERSONAL INJURY | TORTS<br>PERSONAL PROPERTY | PRISONER<br>PETITIONS | LABOR |
|---|---|---|---|---|---|
| ☐ 400 State Reapportionment | ☐ 110 Insurance | ☐ 310 Airplane | ☐ 370 Other Fraud | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 710 Fair Labor Standards Act |
| ☐ 410 Antitrust | ☐ 120 Marine | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | | ☐ 720 Labor/Mgmt. Relations |
| ☐ 430 Banks and Banking | ☐ 130 Miller Act | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 530 General | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act |
| ☐ 450 Commerce/ICC Rates/etc. | ☐ 140 Negotiable Instrument | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 535 Death Penalty | |
| ☐ 460 Deportation | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 340 Marine | BANKRUPTCY | ☐ 540 Mandamus/ Other | ☐ 740 Railway Labor Act |
| ☐ 470 Racketeer Influenced and Corrupt Organizations | | ☐ 345 Marine Product Liability | ☐ 422 Appeal 28 USC 158 | ☐ 550 Civil Rights | ☐ 790 Other Labor Litigation |
| ☐ 480 Consumer Credit | ☐ 151 Medicare Act | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | ☐ 555 Prison Condition | ☐ 791 Empl. Ret. Inc. Security Act |
| ☐ 490 Cable/Sat TV | ☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans) | ☐ 355 Motor Vehicle Product Liability | CIVIL RIGHTS | FORFEITURE / PENALTY | PROPERTY RIGHTS |
| ☐ 810 Selective Service | | ☐ 360 Other Personal Injury | ☐ 441 Voting | ☐ 610 Agriculture | ☐ 820 Copyrights |
| ☐ 850 Securities/Commodities/ Exchange | ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 362 Personal Injury- Med Malpractice | ☐ 442 Employment | ☐ 620 Other Food & Drug | ☐ 830 Patent |
| ☐ 875 Customer Challenge 12 USC 3410 | ☐ 160 Stockholders' Suits | ☐ 365 Personal Injury- Product Liability | ☐ 443 Housing/Acco- mmodations | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 840 Trademark |
| ☒ 890 Other Statutory Actions | ☐ 190 Other Contract | | ☐ 444 Welfare | | SOCIAL SECURITY |
| ☐ 891 Agricultural Act | ☐ 195 Contract Product Liability | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 445 American with Disabilities - Employment | ☐ 630 Liquor Laws | ☐ 861 HIA (1395ff) |
| ☐ 892 Economic Stabilization Act | ☐ 196 Franchise | | | ☐ 640 R.R. & Truck | ☐ 862 Black Lung (923) |
| ☐ 893 Environmental Matters | REAL PROPERTY | IMMIGRATION | ☐ 446 American with Disabilities - Other | ☐ 650 Airline Regs | ☐ 863 DIWC/DIWW (405(g)) |
| ☐ 894 Energy Allocation Act | ☐ 210 Land Condemnation | ☐ 462 Naturalization Application | ☐ 440 Other Civil Rights | ☐ 660 Occupational Safety /Health | ☐ 864 SSID Title XVI |
| ☐ 895 Freedom of Info. Act | ☐ 220 Foreclosure | ☐ 463 Habeas Corpus- Alien Detainee | | ☐ 690 Other | ☐ 865 RSI (405(g)) |
| ☐ 900 Appeal of Fee Determi- nation Under Equal Access to Justice | ☐ 230 Rent Lease & Ejectment | ☐ 465 Other Immigration Actions | | | FEDERAL TAX SUITS |
| | ☐ 240 Torts to Land | | | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| ☐ 950 Constitutionality of State Statutes | ☐ 245 Tort Product Liability | | | | ☐ 871 IRS-Third Party 26 USC 7609 |
| | ☐ 290 All Other Real Property | | | | |

CV11- 01067

FOR OFFICE USE ONLY:   Case Number: _____

AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**
CIVIL COVER SHEET

**VIII(a). IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed? ☑ No   ☐ Yes
If yes, list case number(s): _____

**VIII(b). RELATED CASES:** Have any cases been previously filed in this court that are related to the present case? ☑ No   ☐ Yes
If yes, list case number(s): _____

**Civil cases are deemed related if a previously filed case and the present case:**
(Check all boxes that apply)    ☐ A.  Arise from the same or closely related transactions, happenings, or events; or
                                ☐ B.  Call for determination of the same or substantially related or similar questions of law and fact; or
                                ☐ C.  For other reasons would entail substantial duplication of labor if heard by different judges; or
                                ☐ D.  Involve the same patent, trademark or copyright, _and_ one of the factors identified above in a, b or c also is present.

**IX. VENUE:** (When completing the following information, use an additional sheet if necessary.)

(a)  List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named plaintiff resides.
☐  Check here if the government, its agencies or employees is a named plaintiff. If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles | State other than California: Texas |

(b)  List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named defendant resides.
☐  Check here if the government, its agencies or employees is a named defendant. If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
|  | State other than California: New York |

(c)  List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH claim arose.
   Note: In land condemnation cases, use the location of the tract of land involved.

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles |  |

* Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties
Note: In land condemnation cases, use the location of the tract of land involved

X. SIGNATURE OF ATTORNEY (OR PRO PER): _Bijan Moradmand_    Date February 3, 2011

**Notice to Counsel/Parties:** The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. (g)) |