1  DENNIS S. ELLIS (SB# 178196)
   dennisellis@paulhastings.com
2  KATHERINE MURRAY (SB# 211987)
   katherinemurray@paulhastings.com
3  NICHOLAS J. BEGAKIS (SB# 253588)
   nickbegakis@paulhastings.com
4  PAUL, HASTINGS, JANOFSKY & WALKER LLP
   515 South Flower Street
5  Twenty-Fifth Floor
   Los Angeles, CA  90071-2228
6  Telephone:  (213) 683-6000
   Facsimile:  (213) 627-0705
7
   Attorneys for Defendants
8  L'ORÉAL, USA, INC.; and L'ORÉAL USA PRODUCTS, INC.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JILL GUIDO and NATALIE LEFEBVRE on Behalf of Themselves and All Others Similarly Situated,<br><br>Plaintiffs,<br><br>vs.<br><br>L'ORÉAL, USA, INC., a Delaware Corporation; and L'ORÉAL USA PRODUCTS, INC., a Delaware Corporation,<br><br>Defendants. | CASE NO. CV11-01067 (CAS/JCX)<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANTS' MOTION TO STRIKE CLASS ALLEGATIONS PURSUANT TO RULE 12(f)**<br><br>Date:  June 6, 2011<br>Time:  10:00 a.m.<br>Courtroom:  5<br><br>[Notice of Motion to Strike; and Motion to Dismiss filed and served concurrently herewith.] |

# TABLE OF CONTENTS

Page

I. PRELIMINARY STATEMENT ........................................................................1

II. RELEVANT ALLEGATIONS AND NOTABLE OMISSIONS OF THE FAC ............................................................................................................2

III. STANDARD FOR A RULE 12(F) MOTION TO STRIKE ..........................2

IV. CLASS TREATMENT IS INAPPROPRIATE AS A MATTER OF LAW BECAUSE PLAINTIFFS CANNOT PLEAD THE PREREQUISITES FOR CLASS TREATMENT .........................................3

    A. The Class Can Never Be Certified Because it Contains Members Who Lack Standing ..............................................................4

    B. Class Treatment is Inappropriate Because Individual Issues Will Predominate .........................................................................8

    C. Plaintiffs' Attempt to Convert a Faulty Products Liability Claim into a Class Action Should be Disallowed ..........................10

V. CONCLUSION................................................................................................12

# TABLE OF AUTHORITIES

**Page**

**CASES**

Avritt v. Reliastar Life Ins. Co.,
 615 F.3d 1023 (8th Cir. 2010) .................................................................. 3, 6, 7

Burdick v. Union Sec. Ins. Co.,
 No. CV07-4028, 2009 U.S. Dist. LEXIS 121768 (C.D. Cal. Dec. 9, 2009) ............................................................................................................ 3, 5

Castano v. Am. Tobacco Co.,
 84 F.3d 734 (5th Cir. 1996) ............................................................................ 8

Cohen v. DIRECTV, Inc.,
 178 Cal. App. 4th 966 (2009) ...................................................................... 10

Cole v. GMC,
 484 F.3d 717 (5th Cir. 2007) .......................................................................... 8

Denney v. Deutsche Bank AG,
 443 F.3d 253 (2d Cir. 2006) ............................................................... 1, 3, 4, 5

Freedman v. Louisiana-Pacific Corp.,
 922 F. Supp. 377 (D. Or. 1996) ...................................................................... 3

Gen. Tel. Co. of the Sw. v. Falcon,
 457 U.S. 147, 102 S. Ct. 2364, 72 L. Ed. 2d 740 (1982) ................................ 3

Gonzalez v. Proctor & Gamble Co.,
 247 F.R.D. 616 (S.D. Cal. 2007) .................................................................. 10

Hanlon v. Chrysler Corp.,
 150 F.3d 1011 (9th Cir. 1998) ........................................................................ 4

Hevesi v. Citigroup, Inc.,
 366 F.3d 70 (2d Cir. 2004) .............................................................................. 8

In re Graphics Processing Units Antitrust Litig.,
 527 F. Supp. 2d 1011 (N.D. Cal. 2007) .......................................................... 3

In re Tobacco II Cases,
 46 Cal. 4th 298, 207 P.3d 20 (2009) ...................................................... 4, 6, 7, 9

# TABLE OF AUTHORITIES
(continued)

**Page**

*In re Vioxx Class Cases*,
  180 Cal. App. 4th 116 (2009) .................................................................. 1, 10, 11

*Jones v. CBE Group, Inc.*,
  215 F.R.D. 558 (D. Minn. 2003) ......................................................................... 7

*Kwikset Corp. v. Super. Ct. (Benson)*,
  51 Cal. 4th 310, 246 P.3d 877 (2011) .............................................................. 7, 8

*Leyse v. Corporate Collection Servs., Inc.*,
  No. 03 Civ. 8491, 2006 WL 2708451 (S.D.N.Y. Sept. 18, 2006) ...................... 7

*McCray v. Standard Oil Co.*,
  76 F.R.D. 490 (N.D. Ill. 1977) ........................................................................... 3

*Pfizer, Inc. v. Super. Ct. (Galfano)*,
  182 Cal. App. 4th 622 (2010) ......................................................................... 9, 10

*Princess Cruise Lines, Ltd. v. Super. Ct. (Wang)*,
  179 Cal. App. 4th 36 (2009) ............................................................................... 9

*Sanders v. Apple, Inc.*,
  672 F. Supp. 2d 978 (N.D. Cal. 2009) ........................................................ passim

*Sidney-Vinstein v. A.H. Robins Co.*,
  697 F.2d 880 (9th Cir. 1983) .......................................................................... 1, 3

*Simer v. Rios*,
  661 F.2d 655 (7th Cir. 1981) .............................................................................. 8

*Stearns v. Select Comfort Retail Corp.*,
  No. 08-2746 JF, 2008 U.S. Dist. LEXIS 84930 (N.D. Cal. Sept. 30,
  2008) ................................................................................................................... 3

*Webb v. Carter's Inc.*,
  No. CV08-7367, 2011 U.S. Dist. LEXIS 12597 (C.D. Cal. Feb. 3,
  2011) ........................................................................................................... 3, 5, 6

**UNITED STATES CONSTITUTION**

U.S. Const. art. III, § 2 ................................................................................... passim

LEGAL_US_W # 67848964.4     -iii-     MEMO. OF POINTS & AUTHORITIES ISO DEFENDANTS' RULE 12(f) MOTION TO STRIKE CLASS ALLEGATIONS

# TABLE OF AUTHORITIES
(continued)

**Page**

**STATUTES**

Cal. Bus. & Prof. Code § 17200 ..................................................................6

**RULES**

Fed. R. Civ. P. 12(f) ....................................................................................2

Fed. R. Civ. P. 23(a) ...................................................................................4

## I. PRELIMINARY STATEMENT

This Court should strike the class allegations included in the First Amended Complaint ("FAC") filed by Plaintiffs Jill Guido and Natalie Lefebvre ("Plaintiffs") because they have not adequately pled the requirements to maintain this case as a class action. *See Sanders v. Apple, Inc.*, 672 F. Supp. 2d 978, 990-91 (N.D. Cal. 2009) (striking class allegations at the pleading stage). Allowing this action to proceed past the pleading stage as a class action will result in an enormous burden on the parties and this Court, only to eventually lead to the same result – Plaintiffs will not establish the required elements of commonality and typicality required for class treatment. As a threshold matter, Plaintiffs' classes, as defined, include putative members without the standing required by Article III Section 2 of the United States Constitution ("Article III"), and thus class treatment is precluded. *Denney v. Deutsche Bank AG*, 443 F.3d 253, 264 (2d Cir. 2006) ("no class may be certified that contains members lacking Article III standing").

Moreover, Plaintiffs' claims include elements of reliance and causation which require individual determinations that make class treatment inappropriate. *Sanders*, 672 F. Supp. 2d at 990-91 (striking of class allegations appropriate where individual determinations regarding reliance predominate). Finally, Plaintiffs' transparent attempt to bring a nationwide products liability class action under the guise of the consumer protection laws of California should not be allowed. The individual nature of the inquiry regarding a failure to warn case is ill-suited for determination on a class-wide basis. *See, e.g.*, *In re Vioxx Class Cases*, 180 Cal. App. 4th 116 (2009) (declining to certify a class of plaintiffs claiming that Vioxx was more dangerous than cheaper alternatives).

The Court should strike the class allegations from the FAC in order to prevent prejudice to L'Oréal, USA, Inc. and L'Oréal USA Products, Inc. (collectively, "L'Oréal") and irredeemably futile litigation, which would waste the resources of the Court and the parties. *See Sidney-Vinstein v. A.H. Robins Co.*,

697 F.2d 880, 885 (9th Cir. 1983) ("the function of a 12(f) motion to strike is to avoid the expenditure of time and money that must arise from litigating spurious issues . . .").

## II. RELEVANT ALLEGATIONS AND NOTABLE OMISSIONS OF THE FAC

As set forth in greater detail in L'Oréal's Motion to Dismiss,[1] Plaintiffs' claims are based on allegations that L'Oréal failed to warn consumers that Garnier Fructis Sleek & Shine Anti-Frizz Serum (the "Serum") contained two chemicals that, when used in connection with heat producing hair styling products, could be flammable. (FAC, ¶ 1.) Plaintiffs base their claims on several different statements regarding the Serum (FAC, ¶¶ 22-23, 28), but fail to allege which (if any) of these statements they (and the class they seek to represent) read, considered or relied upon prior to purchasing the Serum. Plaintiffs also do not allege that they or members of the putative classes ever used the Serum. Likewise, Plaintiffs do not allege that the Serum caused them physical harm.

Plaintiffs purport to represent two classes of consumers comprised of (1) all individuals who purchased the Serum in the United States during the period of February 2, 2007 through the present (the "Nationwide Class"); and (2) all individuals who purchased the Serum in California during the period of February 2, 2008 through the present (the "California Class"). (FAC, ¶ 40.) Excluded from the class definitions are L'Oréal, its affiliates and their employees, and anyone that may have sustained physical injury as a result of their use of the Serum. (*Id.*)

## III. STANDARD FOR A RULE 12(F) MOTION TO STRIKE

Federal Rule of Civil Procedure 12(f) provides that the Court may strike certain allegations, words or phrases from a pleading. Fed. R. Civ. P. 12(f). "[T]he function of a 12(f) motion to strike is to avoid the expenditure of time and

---

[1] L'Oréal's Motion to Dismiss includes a full recitation of the facts as alleged in Plaintiffs' FAC. In the interest of brevity, those facts are not recited here. Instead, only the facts relevant to this motion to strike are included.

money that must arise from litigating spurious issues . . . ." *Sidney-Vinstein v. A.H. Robins Co.*, 697 F.2d 880, 885 (9th Cir. 1983). "Sometimes the issues are plain enough from the pleadings to determine whether the interests of the [putative class members] are fairly encompassed within the named plaintiff's claim . . . ." *Gen. Tel. Co. of the Sw. v. Falcon*, 457 U.S. 147, 160, 102 S. Ct. 2364, 2372, 72 L. Ed. 2d 740 (1982). As a result, a court may properly strike class allegations on a pre-answer motion to strike where a complaint demonstrates that a class action cannot be maintained on the facts alleged. *Sanders v. Apple, Inc.*, 672 F. Supp. 2d 978, 990-91 (N.D. Cal. 2009); *Stearns v. Select Comfort Retail Corp.*, No. 08-2746 JF, 2008 U.S. Dist. LEXIS 84930 (N.D. Cal. Sept. 30, 2008); *In re Graphics Processing Units Antitrust Litig.*, 527 F. Supp. 2d 1011, 1028 (N.D. Cal. 2007); *Freedman v. Louisiana-Pacific Corp.*, 922 F. Supp. 377 (D. Or. 1996); *McCray v. Standard Oil Co.*, 76 F.R.D. 490, 495 (N.D. Ill. 1977).

### IV. CLASS TREATMENT IS INAPPROPRIATE AS A MATTER OF LAW BECAUSE PLAINTIFFS CANNOT PLEAD THE PREREQUISITES FOR CLASS TREATMENT

As an initial matter, Plaintiffs seek to certify a class which includes members that do not have standing to assert claims; Plaintiffs' class allegations are fatally flawed as a result. *Denney*, 443 F.3d at 264 ("no class may be certified that contains members lacking Article III standing."); s*ee also Avritt v. Reliastar Life Ins. Co.*, 615 F.3d 1023, 1033 (8th Cir. 2010) (noting that California jurisprudence purporting to eliminate standing requirements for putative class members is of no moment in a federal proceeding); *Webb v. Carter's Inc.*, No. CV08-7367, 2011 U.S. Dist. LEXIS 12597, at *2-3 (C.D. Cal. Feb. 3, 2011) (denying class certification because putative members lacked standing); *Burdick v. Union Sec. Ins. Co.*, No. CV07-4028, 2009 U.S. Dist. LEXIS 121768, at *3 (C.D. Cal. Dec. 9, 2009) (same).

Additionally, Plaintiffs' class allegations should be stricken because Plaintiffs have not pled, and cannot plead, the prerequisites required to certify a

class action. In order to justify class treatment, an action must satisfy four prerequisites: (1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the class; (3) the claims or defenses of the representative parties will fairly and adequately protect the interests of the class; and (4) the representative parties will fairly and adequately protect the interest of the class. Fed. R. Civ. P. 23(a). The burden is on the party seeking to maintain the lawsuit as a class action to establish each of these prerequisites by a preponderance of the evidence. *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1019, 1022 (9th Cir. 1998). If it is clear from the face of the complaint that plaintiff cannot meet this burden, it is appropriate to strike the class allegations at the pleading stage. *Sanders*, 672 F. Supp. 2d at 990-91.

### A. The Class Can Never Be Certified Because it Contains Members Who Lack Standing

Plaintiffs' classes, as defined, can never be certified because each of the proposed classes necessarily includes putative members that lack standing as a matter of law. Any purported class that includes putative members who do not have Article III standing is inappropriate and should be stricken at the pleading stage. *Sanders*, 672 F. Supp. 2d at 990-91 (citing *Denney v. Deutsche Bank AG*, 443 F.3d 253, 264 (2d Cir. 2006)). The existence of a case or controversy within the meaning of Article III is a threshold question in every matter before a federal court. *Denney*, 443 F.3d at 263 (citing *Allen v. Wright*, 468 U.S. 737, 750 (1984)). "The filing of suit as a class action does not relax this jurisdictional requirement." *Id.* By extension "no class may be certified that contains members lacking Article III standing." *Id.* at 264.

Plaintiffs, at least with respect to the California Class, likely seek to rely on certain California authority to lessen their burden to satisfy the standing requirement. They should not be permitted to do so. The California Supreme Court's decision in *In re Tobacco II Cases*, 46 Cal. 4th 298, 207 P.3d 20 (2009),

made clear that plaintiffs asserting claims under California's Unfair Competition Law must suffer an "injury in fact" in order to state a claim, yet declined to impose a rigorous pleading standard relating to the putative plaintiffs' reliance and injury. Federal law, however, is directly to the contrary. *See, e.g.*, *Sanders*, 672 F. Supp. 2d 990-91; *Denney*, 443 F.3d at 264 ("no class may be certified that contains members [that] lack[] . . . standing"); *Burdick*, 2009 U.S. Dist. LEXIS 121768, at *13 ("absent class members lacking justiciable claims under Article III should be excised from the case").

The facts and reasoning in *Sanders* are analogous here. In that case, the plaintiff filed a complaint alleging that Apple had engaged in false advertising for a computer that it was marketing. 672 F. Supp. 2d at 990-91. The court in *Sanders* struck Plaintiff's class allegations at the pleading stage because the class included members who lacked standing, noting that the class definition "necessarily includes individuals who . . . either did not see or were not deceived by advertisements, and individuals who suffered no damages. Such individuals would lack standing to bring these claims." *Id*. at 991.

*Webb v. Carter's, Inc.* is also instructive. In that case, plaintiffs purchased tagless infant wear and contended that the graphics printed on the inside of the clothing contained chemicals that caused severe skin reactions in certain infants. 2011 U.S. Dist. LEXIS 12597, at *1. The court in *Webb* denied class certification on the grounds that the class as defined included every purchaser of the product and therefore included purchasers whose infants had not suffered any negative skin reaction. *Id.* at *23. The court noted:

> Here, plaintiffs have not shown that the product is "substantially certain" to result in skin irritation. To the contrary, the evidence shows that only a very small percentage of children experienced any negative reaction to the tagless labels. Plaintiffs therefore cannot show that

the proposed class members suffered an injury that would
                    allow them to press a claim for breach of the implied
                    warranty of merchantability. They therefore have not
                    shown that those class members suffered a cognizable
                    injury sufficient to give them Article III standing.

*Id.* at \*28.

Like Plaintiffs, the plaintiffs in *Webb* brought claims under the UCL, FAL, CLRA and a claim for breach of the implied warranty of merchantability. The court denied class certification on the grounds that the class included putative class members who lacked standing because they did not suffer any injury as a result of the defect. *Id.* at \*28.

Plaintiffs have defined the putative class to include everyone who has purchased the Serum in the last three to four years, **who has not suffered personal injury**. (FAC, ¶ 40.) Just like in *Sanders* and *Webb*, Plaintiffs' class definition includes purchasers of the Serum who were not affected by the alleged misleading statements and omissions identified in the FAC such as plaintiffs who either failed to consider the statements or omissions or were happy with the Serum regardless of any such misstatements or omissions. These putative plaintiffs suffered no injury and therefore lack standing under Article III.

Plaintiffs are likely to argue that putative plaintiffs are not required to satisfy the standing requirements in a case brought under California's Unfair Competition Law (Cal. Bus. & Prof. Code § 17200, *et seq.*) (the "UCL") as a result of the California Supreme Court's opinion in *Tobacco II*; however that is not the case. Regardless of the effect of *Tobacco II* on cases pending in state courts in California, the opinion is inapplicable in federal court because that court's "expression of the UCL's standing requirement diverged from federal jurisprudential principles . . . ." *Avritt*, 615 F.3d at 1034 (citing *Tobacco II*, 46 Cal. 4th at 331 (Baxter, J. dissenting)). Plaintiffs' class definitions necessarily

LEGAL_US_W # 67848964.4 -6- MEMO. OF POINTS & AUTHORITIES ISO DEFENDANTS' RULE 12(f) MOTION TO STRIKE CLASS ALLEGATIONS

include members that lack standing under Article III, a defect which cannot be rescued by any UCL jurisprudence.

Moreover, even assuming *arguendo* that Plaintiffs were able to establish some sort of *de minimis* economic injury, such an injury would not merit class treatment. *See Leyse v. Corporate Collection Servs., Inc.*, No. 03 Civ. 8491, 2006 WL 2708451, at *9 n. 5 (S.D.N.Y. Sept. 18, 2006) (noting that class treatment is not superior if plaintiffs' recovery (potentially 51 cents) would be minimal); *Jones v. CBE Group, Inc.*, 215 F.R.D. 558, 570 (D. Minn. 2003) (class treatment not superior when "potential recovery for unnamed class members is, at most, *de minimis*").

As argued in greater detail in L'Oréal's Motion to Dismiss, Plaintiffs themselves did not suffer any injury-in-fact and therefore lack Article III standing. However, even if this Court is able to determine that Plaintiffs suffered some *de minimis* economic harm such that they are entitled to proceed with their claims, such a finding does not save Plaintiffs' defective class allegations. There is no question that at least some of the putative class members, and likely a significant number of them, purchased the Serum and used it without incident. Further, there can be no dispute that at least some of those people took no issue with the alleged failure to warn and, even if informed that the product was allegedly flammable, would have used the Serum and would have been satisfied with it regardless. Plaintiffs may argue that California case law such as *Tobacco II* and *Kwikset Corp. v. Super. Ct. (Benson)*, 51 Cal. 4th 310, 246 P.3d 877 (2011) relieve the putative class of the standing requirements imposed by Article III, but any such argument would be specious. Neither case creates injury where there is none. *Tobacco II* purports to eliminate the standing requirement for putative plaintiffs but cannot displace Article III. *See Avritt*, 615 F.3d at 1034. Similarly, *Kwikset*, which found that purchasers who relied on an affirmative representation that a product was "made in the U.S.A." which induced them to spend additional money on the

product does not apply here. Unlike *Kwikset*, Plaintiffs fail to allege any affirmative representation on which they relied. Moreover, Plaintiffs do not allege that any defect has manifested here. There was no question that each lock sold in the *Kwikset* case represented that it was made in the U.S.A. when, in fact, it was not, and the Court in that case noted that plaintiffs had established that they "would not have bought the product but for the misrepresentation." *Id.* at 330. Here, Plaintiffs can make no such allegation as their class necessarily contains plaintiffs that would have bought the product regardless of the alleged omission. Plaintiffs' class allegations should be stricken as a result.

### B. Class Treatment is Inappropriate Because Individual Issues Will Predominate

The majority of Plaintiffs' claims require a showing of reliance; the individual nature of a determination regarding reliance precludes class treatment. In order to certify a class, each class member must have relied on the misrepresentation (or in this case the alleged omission). Reliance raises state of mind and credibility issues, and courts require that these issues be considered separately and with regard to each individual claimant, precluding class treatment. *Cole v. GMC*, 484 F.3d 717, 724-30 (5th Cir. 2007) (holding that class treatment is inappropriate for warranty claims because reliance is required); *Hevesi v. Citigroup, Inc.*, 366 F.3d 70, 78 (2d Cir. 2004) (holding that individual issues predominate where reliance is an issue); *Castano v. Am. Tobacco Co.*, 84 F.3d 734, 745 (5th Cir. 1996) (class action cannot be certified where reliance will be an issue); *Simer v. Rios*, 661 F.2d 655, 673-674 (7th Cir. 1981) (same). When it is clear from the face of the pleading that a plaintiff will be unable to establish reliance on a class-wide basis, it is appropriate to strike the class allegations at the pleading stage. *Sanders*, 672 F. Supp. 2d at 990-91 (striking class allegations because individual showing of reliance was required and therefore individual issues predominated).

With regard to the California Class, Plaintiffs may again rely on *Tobacco II* and allege that it eliminated the reliance requirement under the UCL; however, subsequent authority indicates that is not the case. In *Princess Cruise Lines, Ltd. v. Super. Ct. (Wang)*, 179 Cal. App. 4th 36, 42 (2009), the court held that despite the holding in *Tobacco II*, a "Plaintiff in a UCL action based on a fraud theory involving false advertising and misrepresentation must show reliance[.]" In *Princess Cruise Lines*, the plaintiffs purchased shore excursion packages and alleged that the cruise line misrepresented the nature of its involvement in the shore excursions and added improper surcharges. The court held that class treatment was inappropriate because the plaintiffs could not establish reliance in that they likely would have purchased the shore excursions regardless of the surcharge. *Id.* at 44.

In the case of a claim based on numerous representations, reliance is not uniform across a putative class and class treatment is therefore inappropriate. The California Court of Appeal's recent decision in *Pfizer, Inc. v. Super. Ct. (Galfano)*, 182 Cal. App. 4th 622 (2010) is instructive. The plaintiff in that case brought a class action under the UCL on behalf of "all purchasers of Listerine in California" during a certain period alleging that Pfizer's claim that Listerine was more effective than flossing was misleading. *Id.* at 631. The court noted that recovery in a UCL action is limited to restitutionary disgorgement and went on to hold that the class as defined was "grossly overbroad" because "one who was not exposed to the alleged misrepresentations and therefore could not possibly have lost money or property as a result of the unfair competition is not entitled to restitution." *Id.* The court noted that "perhaps the majority of class members who purchased Listerine during the pertinent six-month period did so not because of any exposure to Pfizer's allegedly deceptive conduct, but rather, because they were brand-loyal customers or for other reasons." *Id.* at 632. As a result, the court reversed the trial court's ruling certifying the class because individual issues necessarily predominated regarding what advertisements the putative plaintiffs saw and

LEGAL_US_W # 67848964.4   -9-   MEMO. OF POINTS & AUTHORITIES ISO DEFENDANTS' RULE 12(f) MOTION TO STRIKE CLASS ALLEGATIONS

considered. *Id.*; *see also Cohen v. DIRECTV, Inc.*, 178 Cal. App. 4th 966 (2009) (court overturned class certification of UCL claims based on the contention that DIRECTV's advertisements regarding its high definition services were misleading because the class definition included plaintiffs who did not see and/or did not rely on the advertisements at issue).

This case presents issues similar to those considered in *Pfizer*. The FAC purports to rely on omissions from the Serum's packaging and statements made on websites, which Plaintiffs do not even allege they saw. There is no allegation in the FAC, nor could there be, indicating that the entire putative class shares Plaintiffs' subjective understanding of this information, or even that they viewed the exact same materials as Plaintiffs. The lack of uniform reliance makes class treatment of such issues inappropriate, and the class allegations should be stricken at this time. *Sanders*, 672 F. Supp. 2d at 990-91 (striking class allegations because individual showing of reliance was required and therefore individual issues were predominate); *see also Gonzalez v. Proctor & Gamble Co.*, 247 F.R.D. 616, 624-25 (S.D. Cal. 2007) (denying class certification because "allegations that a class of consumers, who may have seen all, some, or none of the advertisements that form the basis of [p]laintiff's suit, does not allow an inference of common reliance or liability").

C. **Plaintiffs' Attempt to Convert a Faulty Products Liability Claim into a Class Action Should be Disallowed**

Finally, the Court should recognize the FAC for what it is, an attempt to bring a nationwide products liability class action on behalf of consumers who have not even been injured. The individual determinations required to resolve a failure to warn products liability case make such cases inherently inappropriate for class treatment. *See, e.g., In re Vioxx Class Cases*, 180 Cal. App. 4th 116 (2009).

*In re Vioxx*, another case in which the plaintiffs asserted UCL claims based upon a failure to warn, is instructive here. In that case, the plaintiffs alleged

that they purchased Vioxx as a result of misrepresentations in advertising and public statements made by Merck & Co., Inc. (180 Cal. App. 4th at 123.)  The plaintiffs claimed that Vioxx was no more effective than the generic alternative and that it was not as safe as the generic alternative. *Id.*  The plaintiffs sought to certify a class under California's consumer protection statutes arguing that they paid more for Vioxx than what it was worth and that the common injury sustained by each class member that purchased Vioxx was sufficient for class treatment. *Id.*  Both the trial court and the appellate court rejected this argument, holding that individual inquiries regarding the value of the product to each putative class member, as well as the nature of each plaintiff's decision to proceed with the use of the product despite the associated risks, would predominate, making class treatment inappropriate. *Id.* at 133.  The California Court of Appeal upheld the trial court's reasoning "that the monetary value plaintiffs wish to assign to their claim—the difference in price between Vioxx and a generic . . . implicates a patient-specific inquiry and therefore fails the community of interest test." *Id.* at 135.  The court determined that any such inquiry would be inappropriate on a class-wide basis because each patient purchased Vioxx for individualized reasons. *Id.*

    Plaintiffs contend that class treatment is appropriate in this case because each member of the proposed class purchased the Serum in reliance on the lack of representations regarding risks allegedly associated with the product. (FAC, ¶ 1.)  Plaintiffs' premise would require the Court to determine the subjective value of the Serum as compared to the other brands containing a warning regarding flammability that each class member would have purchased.  Just like *In re Vioxx*, the decision to purchase the Serum is made "in reliance on many different factors, which vary . . ." from consumer to consumer. *In re Vioxx*, 180 Cal. App. 4th at 133.  As a result, class treatment is inappropriate and the class allegations of the FAC should be stricken at this time.

## V. **CONCLUSION**

For the foregoing reasons the Court should strike Plaintiffs' class allegations without leave to amend.

DATED:  May 2, 2011

DENNIS S. ELLIS
KATHERINE MURRAY
NICHOLAS J. BEGAKIS
PAUL, HASTINGS, JANOFSKY & WALKER LLP

By: _____/s/_____
Dennis S. Ellis

Attorneys for Defendants
L'ORÉAL, USA, INC.; and L'ORÉAL USA PRODUCTS, INC.