UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JILL GUIDO; and NATALIE LEFEBVRE, on Behalf of Themselves and All Others Similarly Situated,,<br><br>Plaintiffs,<br><br>vs.<br><br>L'OREAL, USA, INC. and L'OREAL USA PRODUCTS, INC., ,<br><br>Defendants. | CASE NO. CV11-01067-CAS *consolidated with* CASE NO. CV11-05465-CAS (JCx)<br><br>**STIPULATED PROTECTIVE ORDER**<br><br>[CHANGES MADE BY COURT] |

# STIPULATED PROTECTIVE ORDER

This Stipulated Protective Order governs the parties in *Guido v. L'Oréal USA, Inc.*, U.S.D.C. C.D. Cal. Case No. CV11-01067-CAS (JCx) (the "*Guido* Action"), and *Altamura v. L'Oréal USA, Inc.*, U.S.D.C. C.D. Cal. Case No. CV11-05465-CAS (JCx) (the *Altamura* Action) (collectively "the Actions"), Jill Guido, Natalie Lefebvre, Catherine Altamura, Lisa Pearly, L'Oréal USA, Inc. and L'Oréal USA Products, Inc. (collectively, "the Parties").  This matter has come before the Court pursuant to Rule 26(c) of the Federal Rules of Civil Procedure for entry of a Protective Order governing the use and disclosure of documents and information provided in discovery in this matter that is confidential pursuant to applicable law and is designated as "confidential" or "attorneys' eyes only" pursuant to the terms of this Order (collectively, "Confidential Information").  It appears to this Court that good cause exists to enter this Order.

IT IS HEREBY ORDERED that:

1. This Stipulated Protective Order shall govern the handling of documents, depositions, deposition exhibits, interrogatory answers, responses to requests to admit and other written, electronic, recorded or graphic material ("Discovery Material") produced by or obtained from any party or other person from whom Discovery Material may be sought (the "Producing Party") during the proceedings in these Actions.

2. Any Producing Party shall have the right to designate as "confidential" or "attorneys eyes only" any documents containing trade secrets; special formulas; company security matters; customer lists; financial data; projected sales data; production data; matters relating to mergers and acquisitions; data which touch upon the topic of price provided such documents have not previously been disclosed by the Producing Party to anyone except those in its employment or those retained by it; proprietary research, development, manufacturing or other commercial or business information; customer names; proprietary licensing,

1  distribution, marketing, design, development research and manufacturing
2  information; information concerning competitors; production information;
3  personnel records and information; and financial information not publicly filed with
4  any federal or state regulatory authority.  Any documents the Producing Party so
5  designates in good faith constitute Confidential Information, and are therefore
6  subject to this Protective Order, and entitled to protection under Rule 26(c) of the
7  Federal Rules of Civil Procedure.
8  　　　　3.　　Designations shall be made by stamping each page of the
9  Discovery Material containing Confidential Information with the legend
10 CONFIDENTIAL or ATTORNEYS EYES ONLY prior to its production or, if
11 inadvertently produced without such legend, by furnishing written notice to the
12 receiving party that the Discovery Material shall be CONFIDENTIAL or
13 ATTORNEYS EYES ONLY under this Protective Order.  In the event any
14 Producing Party discovers, after it has produced information, that it has
15 inadvertently produced information that has not been correctly designated as
16 CONFIDENTIAL or ATTORNEYS' EYES ONLY, the Producing Party, within
17 five (5) business days of the discovery of such inadvertent production, shall correct
18 that error by a subsequent designation made in writing specifically identifying the
19 designated information.  Upon receipt of such notice, the Parties shall treat such
20 information in accordance with this Protective Order.  When an attorney receives
21 notice that information was mistakenly produced without the proper designation,
22 the attorney will immediately notify any person who received the information, but
23 who was not entitled to receive it, and inform that person that he or she must
24 immediately return the information and any copies thereof to the attorney.  The
25 attorney will also instruct the person that he or she must not disclose any of the
26 newly designated information.
27 　　　　4.　　Discovery Material designated CONFIDENTIAL or
28 ATTORNEYS EYES ONLY shall include (a) all copies, extracts and complete or

partial summaries prepared from such documents or information designated as Confidential Information; (b) portions of deposition transcripts and exhibits thereto which contain or reflect the content of any such documents, copies, extracts, or summaries; (c) portions of briefs, memoranda or any other writing filed with the Court and exhibits thereto which contain or reflect the content of any such documents, copies, extracts, or summaries; and (d) deposition testimony designated in accordance with Paragraph 5 below.

5. Deposition transcripts, or portions thereof, may be designated as subject to this Protective Order either (a) during the deposition or (b) by written notice to the reporter and all counsel of record, given within five (5) business days after a certified original or certified copy of the deposition transcript is received by the designating party. For testimony designated as Confidential Information, the designating party shall have the right to exclude from a deposition before the taking of the designated testimony all persons not authorized to receive such information under this Protective Order. All transcripts of depositions shall be treated as Attorneys Eyes Only information even if not so designated until five (5) business days after receipt thereof by counsel for the Parties and counsel for the witness. (Transcripts so designated, either at the time of taking of the deposition or within five business days after receipt, shall be treated as same pursuant to this Protective Order.)

6. Discovery Material produced by a third party, or any portion thereof, may be designated as subject to this Protective Order by written notice to the Producing Party and all counsel of record, given within five (5) business days after the documents or information is received by the designating party.

7. Each party and all persons bound by the terms of this Protective Order shall use any Confidential Information only for the purpose of prosecution or defense of the Actions; no party or other person shall use any Confidential Information for any other purpose, or disclose the Confidential Information to

anyone not authorized to receive it under the terms of this Protective Order. The attorneys of record for the Parties shall exercise reasonable care to insure that any Confidential Information is (a) used only for the purposes specified herein, and (b) disclosed only to authorized persons.

8. Documents or information designated CONFIDENTIAL shall be disclosed only to:

(a) the Court and court personnel, including court reporters, videographers, and any outside, independent reproduction service, engaged by the Court in proceedings incidental to the trial or preparation for trial of this lawsuit;

(b) counsel representing any party in connection with the Actions (and the employees of such counsel);

(c) the Parties to the Actions and any employee of any party who has need for such disclosure to further a purpose permitted pursuant to paragraph 7 hereof;

(d) court reporters, translators, duplicating services, and auxiliary services of like nature routinely engaged by counsel;

(e) outside experts and consultants used by counsel of the Parties to assist in the Actions who, by executing a declaration in the form attached hereto, expressly agree to be bound by the terms of this Protective Order and subject directly to enforcement hereunder.

9. A higher level of protection shall be provided for trade secrets and highly sensitive research, development or commercial documents, testimony, information, or other materials designated "ATTORNEYS EYES ONLY." Restrictions on the dissemination, use and designation of Confidential Information shall also apply to Attorneys Eyes Only Information, with the exception that access to material designated "ATTORNEYS EYES ONLY" shall be restricted to the following individuals:

   (a) the attorneys engaged as counsel of record for the Parties herein and any other attorneys in their firms employed to assist such attorneys in connection with the Actions;

   (b) outside experts and consultants used by counsel of the Parties to assist in this litigation who, by executing a declaration in the form attached hereto, expressly agree to be bound by the terms of this Protective Order and subject directly to enforcement hereunder;

   (c) clerical personnel, paralegals and other persons employed by said attorneys in the course of assisting said attorneys;

   (d) court reporters, translators, duplicating services, and auxiliary services of like nature routinely engaged by counsel; and

   (e) the Court and court personnel, including court reporters, videographers, and any outside, independent reproduction service, engaged by the Court in proceedings incidental to the trial or preparation for trial of this lawsuit.

  10. Discovery Material designated as CONFIDENTIAL or ATTORNEYS EYES ONLY may be shown to a witness during the examination of such witness at deposition provided that the witness: (a) is employed by the Producing Party, (b) is privy to the confidential document or information, or (c) agrees to be bound by this Order by executing a declaration in the form attached hereto, in the last case subject to objection by the Producing Party in the case of attorneys eyes only information proposed to be shown to the other party (or an employee thereof) or other third party not entitled to view attorneys eyes only information pursuant to paragraph 9 hereof.  In the event of such objection, the information may not be shown to the witness absent agreement of the Parties or order of the Court.  Immediately following the deposition, any such witness shown Confidential Information pursuant to this paragraph must return all confidential documents and copies thereof to the Producing Party.

1          11.     The Parties agree that the inadvertent production of any document that would be protected from disclosure pursuant to the attorney-client privilege, the work product doctrine or any other relevant privilege shall not constitute waiver of the applicable privilege.  If any such document is inadvertently produced, the recipient of the document agrees that, either upon request from the producing party or upon realizing that the document appears to be privileged, it will promptly return all copies of the document in its possession, use best efforts to delete any versions of the document on any database it maintains and make no use of the information contained in the document, provided, however, that the party returning such document shall have the right to apply to the Court for an order that such document is not protected from disclosure by any privilege (for any reason other than an alleged waiver by virtue of the inadvertent production).

           12.     Any party who wishes to include information or documents designated as CONFIDENTIAL or ATTORNEYS EYES ONLY in a filing to the Court, must submit such document/information for filing under seal in accordance with Local Rule 79-5.

           13.     This Protective Order shall not preclude any party from seeking and obtaining, on an appropriate showing, such additional protection with respect to the confidentiality of Discovery Material as that party may consider appropriate. Nor shall any party be precluded from claiming that any matter designated hereunder is not entitled to the protection of this Protective Order; from applying to the Court for an Order permitting the disclosure or use of Discovery Material otherwise prohibited by this Protective Order; or from applying for an Order modifying this Protective Order in any respect.

           14.     If a party objects to the designation of particular Discovery Materials as CONFIDENTIAL or ATTORNEYS EYES ONLY on the ground that such confidentiality is not necessary to protect the interests of the Producing Party, the procedures to be utilized are contained in Local Rules 37-1 through 37-4.  This

1  Protective Order shall not alter the normal burdens of proof that apply to any
2  motion filed pursuant to such procedures.  The designated materials shall continue
3  to be CONFIDENTIAL or ATTORNEYS EYES ONLY until determined to be
4  otherwise by order of the Court or by agreement of the Parties.
5       15.   During trial or an evidentiary proceeding in these Actions,
6  Discovery Material designated as CONFIDENTIAL or ATTORNEYS EYES
7  ONLY may be offered into evidence and retained by the Court.  The Producing
8  Party may apply to the Court to allow such Discovery Material to keep its
9  confidential status notwithstanding such use.
10      16.   Personal or private information regarding an individual may be
11 designated as CONFIDENTIAL or ATTORNEYS EYES ONLY, and the Parties
12 agree to cooperate in good faith to put into place whatever other protections are
13 appropriate, in each case as may be required by applicable law or by other duties
14 owed by that party to the data subject or to the custodian of that personally
15 identifying information.
16      17.   Upon final termination of the Actions, unless otherwise agreed
17 in writing by an attorney of record for the Producing Party, each party shall
18 assemble and return all designated material, including all copies, extracts and
19 summaries thereof, to the Producing Party, except that any documents or copies
20 which contain or constitute attorney's work product may be destroyed rather than
21 returned, and counsel may retain copies of pleadings and materials that are of
22 record in the litigation subject to the confidentiality provisions of this Protective
23 Order.  This paragraph does not apply to documents in the possession of the
24 Court/Court personnel.
25      18.   This Protective Order shall be without prejudice to the right of
26 any party to oppose disclosure of any document or information for any reason other
27 than confidentiality.
28

19. The restrictions set forth in any of the preceding paragraphs shall not apply to information or material that: (a) can be shown by the non-designating party to be or to have become public knowledge, not in violation of this Protective Order; (b) is independently acquired by the non-designating party from a third party whom the non-designating party can demonstrate had the right of disclosure of such information or material; or (c) can be shown to have been lawfully possessed by the non-designating party prior to entry by the Court of this Protective Order.

20. The termination of the Actions shall not terminate the directives of this Protective Order.

21. This Protective Order may be modified, and any matter related to it may be resolved by written stipulation of the Parties or by further order of the Court.

DATED:  _October 31, 2011


By: _____/s/_____
HON. JACQUELINE CHOOLJIAN
MAGISTRATE JUDGE

# EXHIBIT A

## DECLARATION

The undersigned, under penalty of perjury, declares as follows:

22. My full name and address is:

_____

_____

_____

23. Prior to receiving any documents and information designated as "CONFIDENTIAL" or "ATTORNEYS EYES ONLY" in the above-captioned Action, I was provided with a copy of the attached Protective Order, which I have read and fully understand.

24. I received access to the designated information in my capacity as (expert, consultant, etc.) _____.

25. I received access to this designated information from _____.

26. I agree to be bound by the terms of the Protective Order and to submit to the jurisdiction of this Court with respect to the enforcement of the Protective Order.

27. I declare, under penalty of perjury, that the foregoing is true and correct.

Dated: _____

                                          _____