UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

○

**CIVIL MINUTES - GENERAL**                                JS-6

| Case No. | CV 11-1067 CAS (JCx); Consolidated with CV 11-5465 CAS (JCx) | Date | June 25, 2012 |
|---|---|---|---|
| Title | JILL GUIDO, ET AL. v. L'OREAL, USA, INC., ET AL.; Consolidated with CATHERINE ALTAMURA, ET AL. v. L'OREAL, USA, INC., ET AL. | | |

| Present: The Honorable | CHRISTINA A. SNYDER | |
|---|---|---|
| CATHERINE JEANG | Anne Kielwasser | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants |
|---|---|
| David Parisi | Dennis Ellis |
| Grace Tersigni (By Telephone) | Katherine Murray |

**Proceedings:**  **DEFENDANTS' MOTION FOR RECONSIDERATION** (filed 5/21/2012)

## I.   INTRODUCTION & BACKGROUND

The background and facts are known to the parties and set forth in the Court's order granting plaintiffs' motion for class certification dated May 7, 2012. See Dkt. No. 38, Case No. CV 11-5465 CAS (JCx); Dkt. No. 78, Case No. CV 11-1067 CAS (JCx).

On May 21, 2012, defendants filed the instant motion for reconsideration on the issue of typicality.  Dkt. No. 43.  Plaintiffs filed their opposition on June 4, 2012, and defendants filed their reply on June 11, 2012.  The Court held a hearing on defendants' motion on June 25, 2012.  After carefully considering the arguments set forth by both parties, the Court finds and concludes as follows.

## II.   LEGAL STANDARD

### A.   Local Rule 7-18

Local Rule 7-18 sets forth the bases upon which the Court may reconsider the decision on any motion:

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**     JS-6

| Case No. | CV 11-1067 CAS (JCx); Consolidated with CV 11-5465 CAS (JCx) | Date | June 25, 2012 |
|---|---|---|---|
| Title | JILL GUIDO, ET AL. v. L'OREAL, USA, INC., ET AL.; Consolidated with CATHERINE ALTAMURA, ET AL. v. L'OREAL, USA, INC., ET AL. | | |

    A motion for reconsideration of the decision on any motion may be made only on the grounds of: (a) a material difference in fact or law from that presented to the Court before such decision that in the exercise of reasonable diligence could not have been known to the party moving for reconsideration at the time of such decision, or (b) the emergence of new material facts or a change of law occurring after the time of such decision, or (c) a manifest showing of a failure to consider material facts presented to the Court before such decision. No motion for reconsideration shall in any manner repeat any oral or written argument made in support of or in opposition to the original motion.

L.R. 7-18.

## III. DISCUSSION

    Defendants seek reconsideration "solely on the issue of typicality." Mot. at 3. "The purpose of the typicality requirement is to assure that the interest of the named representative aligns with the interests of the class." Wolin v. Jaguar Land Rover North Am., LLC, 617 F.3d 1168, 1175 (9th Cir. 2010). "The test of typicality 'is whether other members have the same or similar injury, whether the action is based on conduct which is not unique to the named plaintiffs, and whether other class members have been injured by the same course of conduct.'" Ellis v. Costco Wholesale Corp., 657 F.3d 970, 984 (9th Cir. 2011) (quoting Hanon v. Dataproducts Corp., 976 F.2d 497, 508 (9th Cir. 1992)). Thus, typicality is satisfied if the plaintiffs' claims are "reasonably co-extensive with those of absent class members; they need not be substantially identical." Hanlon v. Chrysler Corp., 150 F.3d 1011, 1020 (9th Cir. 1998).

    Here, defendants argue that recently-produced documents by Altamura render her claims atypical with regard to the California class, and further contend that Pearly's claims are not typical with regard to the New York class because she purchased a bottle of Serum that contained a flammability warning. Id. at 11–25. Each class representative is discussed in turn.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**  JS-6

| Case No. | CV 11-1067 CAS (JCx); Consolidated with CV 11-5465 CAS (JCx) | Date | June 25, 2012 |
|---|---|---|---|
| Title | JILL GUIDO, ET AL. v. L'OREAL, USA, INC., ET AL.; Consolidated with CATHERINE ALTAMURA, ET AL. v. L'OREAL, USA, INC., ET AL. | | |

### A.  California Class Representative Catherine Altamura

Altamura, originally from Australia, purchased approximately ten bottles of Serum while overseas and then purchased two more bottles while in California on a work visa. Altamura testified that she assumed the only difference between the Serum she purchased in Australia and the Serum she purchased in California was the shape of the bottle. See Murray Decl., Exh. D at 97:25–98:7. When asked if she retained any of the bottles of Serum she had purchased in Australia, Altamura responded that she had discarded all of them. Id. at 112:22–113:5.

On Friday, May 4, 2012—three days prior to the hearing on plaintiffs' motion for class certification and while defendants' counsel was out of town—Altamura, through an email from her counsel, produced photographs of a bottle of Serum purportedly purchased by Altamura while in Australia. Mot. at 9. Defendants counsel asserts that defendants first reviewed the photographs following the class certification hearing and learned that the directions on the Australian bottle of Serum are "materially different" than those on bottles of Serum sold in California. Id. at 10. Specifically, the directions on bottles of Serum sold in California state: "DIRECTIONS: Dispense 1 pump of serum, or as much as needed for your hair type, into the palms of your hands. Apply uniformly to towel-dried or dry hair. Do not rinse. For sleekest look, style using brush and blowdryer. For best results, use Garnier Fructis Sleek and Shine System." Murray Decl., Exh. J. By contrast, the directions on the bottle of Serum purportedly purchased in Australia states: "Massage 1–2 shots into towel dried hair and smooth all the way to the tips. Do not rinse. For a super smooth effect, comb hair straight while **applying gentle heat.** Use after Garnier Fructis Sleek & Shine shampoo and conditioner." Id., Exh. H (emphasis added).[1]

---

[1] Plaintiffs assert that they produced this photograph to rebut defendants' contention that the label on the Australian bottle of Serum contains a flammability warning. Opp'n at 1.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

○

**CIVIL MINUTES - GENERAL**                                    JS-6

| Case No. | CV 11-1067 CAS (JCx); Consolidated with CV 11-5465 CAS (JCx) | Date | June 25, 2012 |
|---|---|---|---|
| Title | JILL GUIDO, ET AL. v. L'OREAL, USA, INC., ET AL.; Consolidated with CATHERINE ALTAMURA, ET AL. v. L'OREAL, USA, INC., ET AL. | | |

In light of this new evidence, defendants argue that Altamura's "product experience is vastly different from those of the class members." Mot. at 11. In particular, defendants contend that Altamura's theory that she "would not have purchased the Serum had she known it was potentially dangerous to use with heated styling appliances" is now undermined because the Australia bottle of Serum instructs consumers to use only "gentle heat" with the product. Id. at 12 (quoting Dkt. No. 38 at 18, Case No. CV 11-5465 CAS (JCx)). Defendants therefore argue that Altamura "could not have possibly believed that the Serum was safe to use with high heat, because the Australian bottle instructed consumers to use the product only with 'gentle heat.'" Id. at 14. Accordingly, defendants argue that her claims are atypical of the class's claims. Id. (citing Morgan v. Makerdowne Corp., 201 F.R.D. 341, 348 (D.N.J. 2001) and Gonzalez v. P&G Co., 247 F.R.D. 616, 621 (S.D. Cal. 2007)).

Alternatively, defendants assert that the Court's order defining the California class "necessarily" excludes Altamura because she is not a "resident" of California. Mot. at 16–17 (relying on Cal. Gov't Code § 244(a)). According to defendants, even if the Court modified its order to remove reference to "California residents," Altamura's claims would still be atypical because "her use of the Serum was based on her purchases and uses of the product in Australia" meaning "she cannot avail herself of California's consumer protection statutes." Id. at 18–19.

In opposition, plaintiffs assert that defendants' counsel had "ample opportunity" to review the photographs produced on May 4, 2012. Opp'n at 3. Thus, plaintiffs contend that defendants' motion "does not fall within" any grounds for reconsideration, because this fact is not a "new" fact. Id. at 4. Further, plaintiffs argue that "[t]he direction to apply 'gentle heat' is simply not a safety warning but rather an instruction as to how to get the best results from the product." Id. at 10. Plaintiffs maintain that defendants have not provided "any support for its baseless assertion" that Altamura or a reasonable consumer "should understand this direction to mean avoid using blowdryers, heated styling appliances, [or] to stay away from open flames or sources of ignition[.]" Id. Finally, plaintiffs argue that the Court "is not bound to apply [Cal. Gov't Code § 244(a)'s] residency definition in fashioning a class definition" because nowhere in the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**  JS-6

| Case No. | CV 11-1067 CAS (JCx); Consolidated with CV 11-5465 CAS (JCx) | Date | June 25, 2012 |
|---|---|---|---|
| Title | JILL GUIDO, ET AL. v. L'OREAL, USA, INC., ET AL.; Consolidated with CATHERINE ALTAMURA, ET AL. v. L'OREAL, USA, INC., ET AL. | | |

UCL, FAL, CLRA, or Song-Beverly Consumer Warranty Act does the term "resident" appear. Id. at 6.

In reply, defendants assert that it is "unclear where Ms. Altamura's bottle came from, or when (and if) it was released," because the information available to L'Oreal USA "suggests that the only labels that appeared on Australian bottles of Serum containing denatured alcohol included a picture of a flame and the word 'flammable' beneath the ingredient list." Reply at 2. Defendants therefore seek discovery on this question if the Court rejects their motion. Id. at 3 n.2.

The Court finds that, in light of this new material fact, Altamura's claims are not typical of the claims of other California class members. Altamura testified that she purchased Serum in California because of her familiarity with the product based on her experiences with it while in Australia. See Murray Decl., Exh. D at 84:15–19 ("Q. So when you purchased [Serum] in California, you purchased it because you already were familiar with the product— A. Yes, that's right. Q. —from Australia?"). She further testified that she believed that the only difference between Serum purchased in California and Serum purchased in Australia was the shape of the bottle. See id. at 97:25–98:7. The recently produced photograph, however, demonstrates that the Australian bottle of Serum contains different language than that contained on bottles of Serum sold in California. Specifically, the Australian bottle instructs users to "comb hair straight while **applying gentle heat**," while the California bottle instructs users to "style using brush and blowdryer." Compare Murray Decl, Exh. J with Exh. H (emphasis added).

Although the "gentle heat" language does not necessarily state that Serum cannot be used with high heat, it nonetheless renders Altamura's experience unique in that she was exposed to more information than the rest of the class. See, e.g., Hanon v. Dataproducts Corp., 976 F.2d 497, 508 (9th Cir. 1992) (concluding that typicality was not satisfied because the named plaintiff's "unique background and factual situation require[d] him to prepare to meet defenses that are not typical of the defenses which may be raised against other members of the proposed class"). In other words, whether or not it is reasonable for an average consumer to rely on Serum's allegedly misleading directions and/or lack of a flammability warning is materially different if one consumer

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**  JS-6

| Case No. | CV 11-1067 CAS (JCx); Consolidated with CV 11-5465 CAS (JCx) | Date | June 25, 2012 |
|---|---|---|---|
| Title | JILL GUIDO, ET AL. v. L'OREAL, USA, INC., ET AL.; Consolidated with CATHERINE ALTAMURA, ET AL. v. L'OREAL, USA, INC., ET AL. | | |

had instructions to apply only "gentle heat," while another consumer had no such instructions. See Dkt. No. 49-10, Altamura Decl., ¶ 5 (stating that she "would not have purchased the Serum had [she] known or believed that sparks, flames from candles or matches, or high heat could cause it to catch fire"). See also Gonzalez v. Proctor and Gamble Co., 247 F.R.D. 616, 622 (S.D. Cal. 2007) ("There also is a danger that Plaintiff will be preoccupied with the defense that Plaintiff—unlike virtually every other class member—formed her belief that Pantene Pro-V would strengthen her hair when she was in Vietnam.") (internal quotation marks and alterations omitted). Because "[e]ven an arguable defense peculiar to the named plaintiff or a small subset of the plaintiff class may destroy the required typicality of the class," the fact that Altamura was exposed to a different label of Serum than other members of the California class renders her claims atypical. Cholakyan v. Mercedes-Benz, USA, LLC, --- F. Supp. 2d ---, 2012 WL 1066755, at *16 (C.D. Cal. Mar. 28, 2012) (internal quotation marks and citation omitted).

Moreover, Altamura previously testified that she had thrown out all the bottles of Serum she purchased while in Australia, yet produced a photograph of one of those bottles one business day prior to the hearing on plaintiff's motion for class certification. See Altamura Depo. at 112:22–113:5 (testifying that she threw away all the bottles of Serum she had purchased in Australia). The discrepancies between Altamura's deposition testimony and the newly produced evidence threaten to undermine her credibility, providing an alternative basis for the conclusion that her claims are atypical. See, e.g., Drake v. Morgan Stanley & Co., 2010 U.S. Dist. LEXIS 47627, at *14 (C.D. Cal. Apr. 30, 2010) (finding named plaintiffs' claims atypical, in part, due to their "lack of credibility"); CE Design LTD. v. King Architectural Metals, Inc., 637 F.3d 721, 726 (7th Cir. 2011) ("A named plaintiff who has serious credibility problems . . . may not be an adequate class representative.").

Because defendants have introduced a new, material fact demonstrating that Altamura's claims are not typical of the California class, reconsideration of the Court's prior order is warranted. See Local Rule 7-18(a). Defendants' motion is therefore GRANTED as to Altamura's inability to represent the California class. Plaintiffs shall

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**     JS-6

| Case No. | CV 11-1067 CAS (JCx); Consolidated with CV 11-5465 CAS (JCx) | Date | June 25, 2012 |
|---|---|---|---|
| Title | JILL GUIDO, ET AL. v. L'OREAL, USA, INC., ET AL.; Consolidated with CATHERINE ALTAMURA, ET AL. v. L'OREAL, USA, INC., ET AL. | | |

have **sixty (60)** days from the date of this order to locate a new class representative for the California class.

### B. New York Class Representative Lisa Pearly

Defendants assert that Pearly is an inadequate representative and that her claims are not typical of the New York class because she purchased Serum when it contained a flammability warning and stopped using the product after reading the warning. Id. at 23. Thus, defendants maintain that Pearly "cannot represent consumers who purchased the Serum bottle with no warning, because those bottles stated a different message" than the one Pearly purchased. Id. at 23–24 (relying on Hooper v. HM Mane Solutions, LLC, 819 N.Y.S.2d 848 (N.Y. Sup. Ct. 2006)). Moreover, defendants contend that Pearly was "properly warned" in light of the fact that she read the warning, meaning "there is nothing more L'Oreal could have done." Id. at 24.

Plaintiffs, in opposition, contend that defendants "simply rehash arguments already made during the briefing and hearing on class certification, and ultimately rejected by the Court" with regard to the typicality of Pearly's claims.[2] Opp'n at 13–14.

The Court agrees with defendants. Pearly's testimony demonstrates that she purchased a pre-2007 bottle of Serum that contained a flammability warning. See, e.g., Pearly Depo. at 34:21–23 ("Q. Where do you form the belief that this product could have inflamed your hair? A. By the warning on the label."); at 144:1–10 ("Q. Okay. So you started using [Serum] in March 2010, and then about halfway through your use of the product you read the back of the bottle? A. Within that time. Q. And you believe that

---

[2]Regardless of whether defendants reiterate certain arguments in their motion, it is within the Court's discretion to decertify a class at any time "before final judgment." Fed. R. Civ. P. 23(c)(1)(C); Gonzales v. Arrow Fin. Servs LLC, 489 F. Supp. 2d 1140, 1153 (S.D. Cal. 2007) ("This Court may, at its discretion, decertify a class if the requirements of Federal Rule of Civil Procedure 23 are not satisfied."); O'Connor v. Boeing N. Am., Inc., 197 F.R.D. 404, 409–10 (C.D. Cal. 2000) (same).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**  JS-6

| Case No. | CV 11-1067 CAS (JCx); Consolidated with CV 11-5465 CAS (JCx) | Date | June 25, 2012 |
|---|---|---|---|
| Title | JILL GUIDO, ET AL. v. L'OREAL, USA, INC., ET AL.; Consolidated with CATHERINE ALTAMURA, ET AL. v. L'OREAL, USA, INC., ET AL. | | |

that Caution language was misleading?  A. How could you not?  Yes.  Q. Yes.  Okay.  And at that point you stopped using the product?  A. Yes."); at 194:23–195:4 ("Q. [W]hat else do you know about or what facts do you have to form your belief that this serum is not safe to use with a blow dryer?  A. Because there's a warning on it.  Q. Okay.  The warning that was on the bottle you purchased?  A. Right.").  Thus, defendants have established two facts that render Pearly's claims atypical: first, that Pearly purchased a bottle of Serum that was different from the bottles purchased by the majority of class members she seeks to represent, and second, that Pearly was actually warned of Serum's flammability by her bottle's labeling.  Because the New York class is comprised of consumers who purchased Serum from February 2008 onward—in other words, at a time when the bottle's labeling did not contain a flammability warning—the unique circumstances surrounding Pearly's purchase and usage of Serum make her an inadequate class representative with atypical claims.[3]  See Wiener v. Dannon Co., 255 F.R.D. 658, 666 (C.D. Cal. 2009) ("Because Wiener has purchased only Activia and has never purchased DanActive, the claims of the unnamed plaintiffs who purchased DanActive are not 'fairly encompassed by [Wiener's] claims'" and therefore common evidence would not be sufficient to prove deception) (quoting Gen. Telephone Co. of Southwest v. Falcon, 457 U.S. 147, 156 (1982)); Gonzalez v. Proctor and Gamble Co., 247 F.R.D. 616, 621 (S.D. Cal. 2007) ("Plaintiff argues that the typicality requirement is satisfied because the named Plaintiff and the proposed class members all purchased Pantene Pro-V products that were the subject of Defendant's allegedly false hair strengthening claims . . . [however,] [t]he only Pantene Pro-V brand product Plaintiff purchased was Pantene Pro-V 2 in 1 shampoo plus conditioner for normal hair.  [citation]  This is not one of the 28 products identified in Plaintiff's evidence.").

---

[3]The evidence is unclear whether Pearly purchased a pre-2007 bottle of Serum in 2010, or whether she purchased a bottle of Serum prior to 2007 but did not use it until 2010.  If the latter is true, then Pearly cannot adequately represent a class of New York residents who purchased Serum "from February 2008 until the present."  Even if the former is true, however, Pearly cannot adequately represent the class because she purchased the pre-2007 bottle, which is not the same bottle that the majority of class members purchased.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**                                    JS-6

| Case No. | CV 11-1067 CAS (JCx); Consolidated with CV 11-5465 CAS (JCx) | Date | June 25, 2012 |
|---|---|---|---|
| Title | JILL GUIDO, ET AL. v. L'OREAL, USA, INC., ET AL.; Consolidated with CATHERINE ALTAMURA, ET AL. v. L'OREAL, USA, INC., ET AL. | | |

Accordingly, as with the plaintiffs in <u>Wiener</u> and <u>Gonzalez</u>, Pearly's claims are atypical and reconsideration of the Court's prior order is appropriate. Local Rule 7-18(c).[4]

## IV. CONCLUSION

In accordance with the foregoing, defendants' motion for reconsideration is GRANTED as to both California class representative Catherine Altamura and New York class representative Lisa Pearly's inability to represent their respective classes. Plaintiffs shall have **ninety (90)** days from the date of this order to designate a new class representative for both the California class and the New York class.

The case is hereby STAYED for ninety (90) days unless plaintiffs' counsel notifies the Court and defense counsel that the stay should be lifted based upon the addition of a new representative plaintiff. If plaintiffs' counsel has not submitted new plaintiffs for the California and New York classes at the conclusion of 90 days, the parties are directed to submit a joint status report. These cases shall be removed from the civil active list for the duration of the stay.

IT IS SO ORDERED.

|  | 00 | : | 04 |
|---|---|---|---|
| Initials of Preparer | | CMJ | |

---

[4]On June 21, 2012, plaintiffs filed objections to the declaration of Gary King and accompanying exhibits filed by defendants in support of their motion for reconsideration. Because the Court does not rely on any of King's exhibits or declarations, plaintiffs' objections are OVERRULED as moot.