UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**\* AMENDED CIVIL MINUTES - GENERAL**

| Case No. | CV 11-1067 CAS (JCx); Consolidated with CV 11-5465 CAS (JCx) | Date | February 4, 2013 |
|---|---|---|---|
| Title | JILL GUIDO, ET AL. V. L'OREAL, USA, INC., ET AL; Consolidated with CATHERINE ALTAMURA, ET AL. V. L'OREAL, USA, INC., ET AL. | | |

| Present: The Honorable | CHRISTINA A. SNYDER | |
|---|---|---|
| Catherine Jeang | Pam Cotten | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants |
|---|---|
| David Parisi | Dennis Ellis |
| | Nicholas Begakis |

**Proceedings:** DEFENDANTS' MOTION TO STRIKE CLASS ALLEGATIONS (Docket #75, filed December 12, 2012)

DEFENDANTS' MOTION TO DISMISS CASE (Docket #74, filed December 12, 2012)

## I. INTRODUCTION

On February 3, 2011, plaintiffs Jill Guido, a California resident, and Natalie Lefebvre, a Texas resident, commenced this action in this Court by filing a complaint against defendants L'Oreal, USA, Inc. and L'Oreal USA Products, Inc. (collectively "L'Oreal") in Case No. CV 11-1067 CAS (JCx). Meanwhile, on February 4, 2011, plaintiffs Catherine Altamura, a California resident, and Lisa Pearly, a New York resident, filed a similar complaint in the United States District Court for the Southern District of New York against the same defendants. On May 5, 2011, Altamura and Pearly voluntarily dismissed the New York action and refiled the action in this Court on June 30, 2011. See Case No. CV 11-5465 CAS (JCx). By order dated September 19, 2011, the Court consolidated the two cases for pretrial purposes. Additionally, the Court granted plaintiffs' motion for class certification on May 7, 2012, but partially reconsidered this motion on June 25, 2012, and found that plaintiffs must designate new lead plaintiffs to satisfy the typicality requirement of Federal Rule of Civil Procedure 23(a).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-1067 CAS (JCx); Consolidated with CV 11-5465 CAS (JCx) | Date | February 4 2013 |
|---|---|---|---|
| Title | JILL GUIDO, ET AL. V. L'OREAL, USA, INC., ET AL; Consolidated with CATHERINE ALTAMURA, ET AL. V. L'OREAL, USA, INC., ET AL. | | |

On September 21, 2012, plaintiffs designated Brittany Baisley and Stephanie Germann as new class representatives for a putative New York Class, and designated Juliane Hayes as the new representative for a putative California Class. Dkt. #61. Additionally, pursuant to a stipulation by the parties, plaintiff's submitted a First Consolidated Class Action Complaint ("FCAC") on November 16, 2012. The FCAC asserts claims on behalf of putative classes of California and New York residents who purchased a L'Oreal hair care product known as Garnier Fructis Sleek & Shine Anti-Frizz Serum ("Serum"). The FCAC alleges seven claims for relief: (1) breach of implied warranty of merchantability, (2) breach of implied warranty of fitness, (3) violation of California Business and Professions Code § 17200 ("UCL"), (4) violation of the California Consumer Legal Remedies Act ("CLRA"), California Civil Code § 17500, (5) false advertising under California Civil Code § 17500, (6) deceptive acts and practices pursuant to New York General Business law § 349, and (7) false advertising pursuant to New York General Business Law § 350.

On December 12, 2012, defendants filed a motion to dismiss and a motion to strike the class allegations. Plaintiffs opposed both motions on January 11, 2013, and defendants replied on January 22, 2013. Defendants' motions are before the Court.

II. BACKGROUND

The subject of this case is a hairstyling product manufactured, distributed and marketed by L'Oreal to consumers, and sold throughout California, New York, and the rest of the United States. FCAC ¶¶ 16–17. L'Oreal markets the Serum as a "leave-in" hairstyling product for use against "frizzy, dry and unmanageable" hair. FCAC ¶¶ 1, 15. On the Serum's product packaging and on defendants' website, L'Oreal advises consumers to use "as much as needed for your hair type," "do not rinse," and "[f]or the sleekest look, style using brush and blowdryer." FCAC ¶ 19.

In prior pleadings, plaintiffs alleged that the Serum had a flashpoint of 171 degrees Fahrenheit, and that it therefore could ignite when used with an ordinary heated hairstyling product such as a straightening iron or a blowdryer. Jill Guido, et al. v. L'Oreal, USA, Inc., et al., cv-11-1067 CAS (JCx), dkt #32 at 2 – 3. Plaintiffs' FACC

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-1067 CAS (JCx); Consolidated with CV 11-5465 CAS (JCx) | Date | February 4, 2013 |
|---|---|---|---|
| Title | JILL GUIDO, ET AL. V. L'OREAL, USA, INC., ET AL; Consolidated with CATHERINE ALTAMURA, ET AL. V. L'OREAL, USA, INC., ET AL. | | |

contains slightly different allegations. Now, plaintiffs allege that "[w]hen the product is applied to hair and exposed to high heat or ignition sources, the product may instantly ignite and a hair fire will spread rapidly." FCAC ¶ 23. Additionally, plaintiffs allege that "[e]xposure to common household items, such as a spark from a blowdryer, a flame from a candle, a lighted cigarette, or other ignition sources can cause the consumer's hair to almost instantaneously engulf in flames." FCAC ¶ 24. Plaintiffs no longer allege that the product has a low flashpoint, and do not allege that it could ignite when used with ordinary, properly functioning heated styling appliances. Instead, plaintiffs' allegations center around their claim that "[d]efendants knew or should have known that consumers who purchased Serum would apply Serum to their hair and then accidently come into contact with flames, sparks, and other sources of ignition." FCAC ¶ 32.

When the Serum was initially launched in 2004, its packaging contained a warning that stated "Avoid Fire, Flame, Smoking and Heat (Except For Styling Appliances) During Application and Until Hair Is Completely Dry." FCAC ¶ 29. At some point prior to 2008, however, this warning was removed even though the product allegedly remained flammable. FCAC ¶ 25. Plaintiffs allege that because warning labels are commonly placed on consumer products, they reasonably expected that if the Serum was flammable it would be labeled accordingly. FCAC ¶¶ 41 – 42.

Plaintiffs allege that defendants knew that the product was flammable and posed an unreasonable risk to consumers who purchased it without being warned. FCAC ¶¶ 26 – 27, 31 – 32, 35. Plaintiffs allege that defendants knew of the Serum's flammability because they claimed to have conducted a safety evaluation of the product, and claimed that it conformed with applicable product safety laws. FCAC ¶ 30. Additionally, plaintiffs allege that defendant knew of the potential dangers involved with using the Serum because a minor suffered serious physical injury when it burst into flames in her hair while she was using a heated straightening iron. FCAC ¶ 45. The complaint does not state when this incident occurred.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-1067 CAS (JCx); Consolidated with CV 11-5465 CAS (JCx) | Date | February 4, 2013 |
|---|---|---|---|
| Title | JILL GUIDO, ET AL. V. L'OREAL, USA, INC., ET AL; Consolidated with CATHERINE ALTAMURA, ET AL. V. L'OREAL, USA, INC., ET AL. | | |

Plaintiffs allege that because L'Oreal failed to warn purchasers about the dangers of the Serum, plaintiffs overpaid for the Serum. FCAC ¶ 49.[1] Plaintiffs claim that the Serum has a lesser value than the price they paid, and that it is less useful or not at all useful to them any more. FCAC ¶¶ 39, 48. Plaintiffs seek to recover either the full purchase price of the Serum or the difference in value between the price they paid for the Serum and the price it would have been sold for had it been properly labeled. FCAC ¶ 51.[2] Plaintiffs also seek injunctive relief, including a recall of the Serum and a re-labeling of the product with adequate warnings. FCAC ¶ 52.

## III. LEGAL STANDARD

### A. Motion to Dismiss

A Rule 12(b)(6) motion tests the legal sufficiency of the claims asserted in a complaint. "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atlantic Corp. v.

---

[1] In prior pleadings, plaintiffs alleged that comparable products with ingredients similar to those in the Serum contained a warning label, and that because L'Oreal failed to warn consumers about the dangers of the Serum, it was able to charge higher prices than other products. Jill Guido, et al. v. L'Oreal, USA, Inc., et al., cv-11-1067 CAS (JCx), dkt #32 at 3. Plaintiffs sought to recover the difference betweeen "the price they paid for the Serum and the price that a properly labeled product would command in the marketplace." Id. 3 – 4.

[2] Plaintiffs' complaint does not clearly request damages in the form of the difference in value between the Serum's purchase price and the price it would have sold for with an adequate warning label. They do, however, allege that they overpaid for the product, and also make it clear in their opposition that they intend to pursue this theory of damages in the alternative. See Opp. at 21 n. 11.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-1067 CAS (JCx); Consolidated with CV 11-5465 CAS (JCx) | Date | February 4, 2013 |
|---|---|---|---|
| Title | JILL GUIDO, ET AL. V. L'OREAL, USA, INC., ET AL; Consolidated with CATHERINE ALTAMURA, ET AL. V. L'OREAL, USA, INC., ET AL. | | |

Twombly, 550 U.S. 544, 555 (2007). "[F]actual allegations must be enough to raise a right to relief above the speculative level." Id.

  In considering a motion pursuant to Rule 12(b)(6), a court must accept as true all material allegations in the complaint, as well as all reasonable inferences to be drawn from them. Pareto v. F.D.I.C., 139 F.3d 696, 699 (9th Cir. 1998). The complaint must be read in the light most favorable to the nonmoving party. Sprewell v. Golden State Warriors, 266 F.3d 979, 988 (9th Cir. 2001); Parks Sch. of Bus., Inc. v. Symington, 51 F.3d 1480, 1484 (9th Cir. 1995). However, "[i]n keeping with these principles a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." Ashcroft v. Iqbal, 556 U.S. 662, 129 S.Ct. 1937, 1950 (2009); Moss v. United States Secret Service, 572 F.3d 962, 969 (9th Cir. 2009) ("[F]or a complaint to survive a motion to dismiss, the non-conclusory 'factual content,' and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief.") (citing Twombly and Iqbal); Sprewell, 266 F.3d at 988; W. Mining Council v. Watt, 643 F.2d 618, 624 (9th Cir. 1981). Ultimately, "[d]etermining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Iqbal, 129 S.Ct. at 1950.

  Furthermore, unless a court converts a Rule 12(b)(6) motion into a motion for summary judgment, a court cannot consider material outside of the complaint (e.g., facts presented in briefs, affidavits, or discovery materials). In re American Cont'l Corp./Lincoln Sav. & Loan Sec. Litig., 102 F.3d 1524, 1537 (9th Cir. 1996), rev'd on other grounds sub nom Lexecon, Inc. v. Milberg Weiss Bershad Hynes & Lerach, 523 U.S. 26 (1998). A court may, however, consider exhibits submitted with or alleged in the complaint and matters that may be judicially noticed pursuant to Federal Rule of Evidence 201. In re Silicon Graphics Inc. Sec. Litig., 183 F.3d 970, 986 (9th Cir. 1999); Lee v. City of Los Angeles, 250 F.3d 668, 689 (9th Cir. 2001).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-1067 CAS (JCx); Consolidated with CV 11-5465 CAS (JCx) | Date | February 4, 2013 |
|---|---|---|---|
| Title | JILL GUIDO, ET AL. V. L'OREAL, USA, INC., ET AL; Consolidated with CATHERINE ALTAMURA, ET AL. V. L'OREAL, USA, INC., ET AL. | | |

For all of these reasons, it is only under extraordinary circumstances that dismissal is proper under Rule 12(b)(6). United States v. City of Redwood City, 640 F.2d 963, 966 (9th Cir. 1981).

As a general rule, leave to amend a complaint which has been dismissed should be freely granted. Fed. R. Civ. P. 15(a). However, leave to amend may be denied when "the court determines that the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency." Schreiber Distrib. Co. v. Serv-Well Furniture Co., 806 F.2d 1393, 1401 (9th Cir. 1986); see Lopez v. Smith, 203 F.3d 1122, 1127 (9th Cir. 2000).

### B. Motion to Strike

A motion to strike material from a pleading is made pursuant to Fed. R. Civ. P. 12(f). Under Fed. R. Civ. P. 12(f), the Court may strike from a pleading any "insufficient defense" or any material that is "redundant, immaterial, impertinent or scandalous." A Fed. R. Civ. P. 12(f) motion is not a motion to dismiss for failure to state a claim upon which relief may be granted, and, where not involving a purportedly insufficient defense, simply tests whether a pleading contains inappropriate material. The Court may also strike under Fed. R. Civ. P. 12(f) a prayer for relief which is not available as a matter of law. Tapley v. Lockwood Green Eng'rs, 502 F.2d 559, 560 (8th Cir. 1974). The essential function of a Fed. R. Civ. P. 12(f) motion is to "avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial." Fantasy, Inc. v. Fogerty, 984 F.2d 1524, 1527 (9th Cir. 1993), rev'd on other grounds, 510 U.S. 517 (1994). Because of "the limited importance of pleadings in federal practice," motions to strike pursuant to Fed. R. Civ. P. 12(f) are disfavored. Bureerong v. Uvawas, 922 F. Supp. 1450, 1478 (C.D. Cal. 1996).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-1067 CAS (JCx); Consolidated with CV 11-5465 CAS (JCx) | Date | February 4, 2013 |
|---|---|---|---|
| Title | JILL GUIDO, ET AL. V. L'OREAL, USA, INC., ET AL; Consolidated with CATHERINE ALTAMURA, ET AL. V. L'OREAL, USA, INC., ET AL. | | |

## IV. ANALYSIS

### A. Failure to Warn Claims

Plaintiffs allege that because the Serum is flammable, defendants should have provided a warning on its packaging stating that it is flammable. Plaintiffs contend that the failure to provide this warning rendered the product unreasonably dangerous, because a consumer using the product while smoking, using a defective styling appliance, or doing another activity near a source of ignition could be seriously injured. Pursuant to this theory, plaintiffs allege claims for unlawful business practices under California's UCL, breach of the implied warranty of merchantability, and fraudulent or deceptive omissions. The Court considers these claims in turn.

#### 1. Unlawful Business Practice

Under California Business and Professions Code § 17200, any "unlawful" business practice is unfair competition. The "unlawful" prong of § 17200 "borrow[s] violations of other laws and treats" them as unlawful business practices "independently actionable." Famers Ins. Exch. v. Super. Ct., 2 Cal. 4th 377, 383 (Cal. 1992). "Violation of almost any federal, state, or local law may serve as the basis for a UCL claim." Plascencia v. Lending 1st Mortgage, 583 F. Supp. 2d 1090, 1098 (N.D. Cal. 2008).

Here, plaintiffs argue that it is unlawful for the Serum to be marketed without a label informing consumers that it is flammable. As noted above, plaintiffs are required to "borrow" another law for their unlawful business practice claim, and here plaintiffs rely on 21 C.F.R. § 740.1, a regulation promulgated by the Food and Drug Administration ("FDA"). This regulation provides that "[t]he label of a cosmetic product shall bear a warning statement whenever necessary or appropriate to prevent a health hazard that may be associated with the product." 21 C.F.R. § 740.1. The parties cite no formal guidance issued by the FDA that explains how this regulation applies in the context of flammable cosmetics, but the FDA has interpreted this regulation in informal guidance posted on its website. In the section of the FDA's website entitled "Cosmetic Labeling and Label Claims," the FDA writes "cosmetics that may be hazardous to consumers must bear

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

○

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-1067 CAS (JCx); Consolidated with CV 11-5465 CAS (JCx) | Date | February 4, 2013 |
|---|---|---|---|
| Title | JILL GUIDO, ET AL. V. L'OREAL, USA, INC., ET AL; Consolidated with CATHERINE ALTAMURA, ET AL. V. L'OREAL, USA, INC., ET AL. | | |

appropriate label warnings. 21 C.F.R. § 740.1. *Flammable cosmetics are an example*."[3] Additionally, in the FDA's "Cosmetic Labeling Manual," the FDA writes "[c]osmetics which may be hazardous to consumers when misused must bear appropriate label warnings and adequate directions for safe use."[4]

    Here, plaintiffs have alleged a violation of this regulation. The Serum is packaged without a warning label, and accepting plaintiff's allegations as true, the Serum is flammable and can burst into flames in a consumer's hair if it makes contact with a spark or other ignition source. A warning statement would be an "appropriate" step towards preventing this hazard. After all, if consumers were warned that the Serum is flammable, consumers would take greater caution when using the product in an environment containing candles, heating lamps, cigarettes, or any other source of sparks or open flames. Moreover, the informal guidance set out on the FDA's website specifically singles out flammable cosmetics as products that require a warning, and makes it clear that a warning label is appropriate even if a product only becomes hazardous when misused. Consequently, defendants' failure to affix a warning to the Serum's label amounts to a violation of 21 C.F.R. § 740.1, and therefore plaintiffs have stated a claim for relief pursuant to the "unlawful" prong of California's UCL.

    Defendants argue that even if the Court finds that the Serum's packaging violates 21 C.F.R. § 740.1, the Court should nonetheless dismiss plaintiff's claim under the UCL – and indeed all of plaintiff's claim asserting that defendants were required to include a warning on the Serum's packaging – under the primary jurisdiction doctrine. This doctrine gives courts discretion to decline to exercise jurisdiction over a claim that presents a contested issue for which "the initial decisionmaking responsibility should be performed by the relevant agency rather than the courts." <u>Syntek Semiconductor Co.,</u>

---

[3] http://www.fda.gov/Cosmetics/CosmeticLabelingLabelClaims/default.htm ("Cosmetic Labeling and Label Claims Website") (emphasis added).

[4] http://www.fda.gov/Cosmetics/CosmeticLabelingLabelClaims/CosmeticLabelingManual/ucm126438.htm.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-1067 CAS (JCx); Consolidated with CV 11-5465 CAS (JCx) | Date | February , 2013 |
|---|---|---|---|
| Title | JILL GUIDO, ET AL. V. L'OREAL, USA, INC., ET AL; Consolidated with CATHERINE ALTAMURA, ET AL. V. L'OREAL, USA, INC., ET AL. | | |

Ltd. v. Microchip Technology, Inc., 307 F.3d 775, 780 (9th Cir. 2002).  The doctrine of primary jurisdiction is properly invoked "when a claim is cognizable in federal court but requires resolution of an issue of first impression, or of a particularly complicated issue that Congress has committed to a regulatory agency."  Id. (quoting Brown v. MCI WorldCom Network Serv., Inc., 277 F.3d 1166, 1172 (9th Cir. 2002).  This doctrine does not require that all claims conceivable within an agency's area of expertise be resolved by the agency, but instead is a prudential doctrine that allows federal courts to minimize conflicts where judicial and agency jurisdiction overlaps.  Id.  When the doctrine applies, a plaintiff's claims should be dismissed without prejudice or the proceedings should be stayed.  Id. at 782.

     The circumstances under which the primary jurisdiction doctrine should be invoked are within a court's discretion, but the following four factors are relevant: "(1) the need to resolve an issue that (2) has been placed by Congress within the jurisdiction of an administrative body having regulatory authority (3) pursuant to a statute that subjects an industry or activity to a comprehensive regulatory authority that (4) requires expertise or uniformity in administration."  Id.  (quoting United States v. General Dynamics Corp., 828 F.2d 1356, 1362 (9th Cir. 1987).

     The Court finds that the circumstances here do not warrant dismissing plaintiffs' claims pursuant to the primary jurisdiction doctrine, for two reasons.  First, whether or not a flammable cosmetic product should be labeled as such pursuant to 21 CFR 740.1 is not the kind of "particularly complicated issue" that is uniquely within the FDA's competence.  In fact, the circumstances under which a dangerous product should be affixed with a warning is an issue that frequently arises within products liability law. See, e.g., California Jurisprudence, Products Liability §§ 63 – 70.  Moreover, this question starkly contrasts with the kinds of "technical and policy questions" that have prompted courts to invoke the primary jurisdiction doctrine.[5]  Clark v. Time Warning

---

     [5] See, e.g., Syntek Semiconductor Co., Ltd., 307 F.3d at 781 (whether decompiled object code qualifies for registration as source code under the Copyright Act); United States v. W. Pac. R. Co., 352 U.S. 59, 68 (1956) (whether the absence of a "burster" and

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-1067 CAS (JCx); Consolidated with CV 11-5465 CAS (JCx) | Date | February 4, 2013 |
|---|---|---|---|
| Title | JILL GUIDO, ET AL. V. L'OREAL, USA, INC., ET AL; Consolidated with CATHERINE ALTAMURA, ET AL. V. L'OREAL, USA, INC., ET AL. | | |

Cable, 523 F.3d 1110, 1114 (9th Cir. 2008). Consequently, it appears that the fourth Syntec factor is not met in this case, because no unusual technical or policy expertise is required to resolve this issue.

Second, the issue in this case is not one of "first impression" because informal guidance issued by the FDA suggests that it takes the view that all flammable products must be labeled as such pursuant to 21 C.F.R. § 740.1. See Cosmetic Labeling and Label Claims Website. This case therefore contrasts with Astiana v. Hain Celestrial Group, Inc., 2012 WL 5873585 (N.D. Cal. 2012), upon which defendants' rely. In Astiana, the court considered whether it was false or misleading for a cosmetics company to label products as "natural" if they contained some artificial or synthetic materials. Id. at 1. The court found that it was proper to invoke the primary jurisdiction doctrine because it found no formal or informal statement from the FDA regarding the use of the word "natural" in the cosmetics context, and therefore concluded that "[i]n the absence of any FDA rules or regulations (or even informal policy statements) regarding the use of the word 'natural' on cosmetics labels, the court declines to make any independent determination of whether defendants' use of 'natural' was false or misleading." Id. at 3. Here, however, an informal policy statement on the FDA's website addresses the precise question at issue in this case and resolves the question in plaintiffs' favor, and therefore declining to exercise jurisdiction would be improper. Cf id. (finding no guidance on the FDA's website explaining when the term "natural" is used in a false or misleading way in the cosmetics context).

The Court therefore declines to dismiss plaintiffs' § 17200 claim asserting that the Serum should have contained a warning labeling the product as flammable.

---

a "fuse" deprived various bombs of the essential characteristics of "incendiary bombs" for purposes of a tariff); Clark, 523 F.3d at 1115 (9th Cir. 2008) (whether a Voice over Internet Protocol provider is a "telecommunications carrier" or otherwise subject to 47 U.S.C. § 258(a)). .

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-1067 CAS (JCx); Consolidated with CV 11-5465 CAS (JCx) | Date | February 4, 2013 |
|---|---|---|---|
| Title | JILL GUIDO, ET AL. V. L'OREAL, USA, INC., ET AL; Consolidated with CATHERINE ALTAMURA, ET AL. V. L'OREAL, USA, INC., ET AL. | | |

       2.     Breach of Warranty of Merchantability

Plaintiffs also allege that the failure to provide a warning on the Serum's packaging constitutes a breach of the implied warranty of merchantability under California's Song-Beverly Consumer Warranty Act, California Civil Code § 1790 et seq. Cal. Civ. Code § 1792 (implied warranty of merchantability). The Song-Beverly Consumer Warranty Act defines the implied warranty of merchantability as follows:

> "Implied warranty of merchantability" or "implied warranty that goods are merchantable" means that the consumer goods meet each of the following:
> (1) Pass without objection in the trade under the contract description.
> (2) Are fit for the ordinary purposes for which such goods are used.
> (3) Are adequately contained, packaged, and labeled.
> (4) Conform to the promises or affirmations of fact made on the container or label.

"[A] plaintiff claiming breach of an implied warranty of merchantability must show that the product did not possess even the most basic degree of fitness for ordinary use." Keegan v. American Honda Motor Co., Inc., 838 F. Supp. 2d 929, 945 (C.D. Cal. 2012). A product does not violate the implied warranty of merchantability when it "is in safe condition and substantially free of defects." Mexia v. Rinker Boat Co., Inc., 174 Cal. App. 4th 1297, 1303 (Cal. Ct. App. 2009).

As explained above, a warning labeling the Serum as flammable would be appropriate to prevent the safety hazards that can arise when a consumer uses a flammable product in her hair. Therefore, without a warning labeling it as flammable, the Serum is not distributed to consumers in a manner that is safe for its ordinary use as a leave-in hair product. Unwarned consumers are unaware of the risks presented by the product, and cannot make an informed decision to avoid open flames while using the product or avoid using the product in circumstances where they may be exposed to flames. Therefore, the Court finds that plaintiffs have stated a claim for breach of the implied warranty of merchantability arising from the failure to label the Serum as flammable.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-1067 CAS (JCx); Consolidated with CV 11-5465 CAS (JCx) | Date | February 4, 2013 |
|---|---|---|---|
| Title | JILL GUIDO, ET AL. V. L'OREAL, USA, INC., ET AL; Consolidated with CATHERINE ALTAMURA, ET AL. V. L'OREAL, USA, INC., ET AL. | | |

    3.    Fraudulent Omission

    In addition to their claims alleging that the Serum's packaging should have contained a warning, plaintiffs also allege that the failure to disclose the fact that the Serum is flammable was a deceptive or fraudulent omission. Fraudulent or deceptive omissions are actionable under the California and New York consumer protection statutes plaintiffs rely on in this case. See Ehrlich v. BMW of North America, LLC, 801 F. Supp. 2d 908, 916 (C.D. Cal. 2010) (omissions actionable under § 17200); Daugherty v. Am. Honda Motor Co., Inc., 144 Cal. App. 4th 824, 835 (2006) (omissions actionable under the CLRA); Oswego Laborers' Local 214 Pension Fund v. Marine Midland Bank, 85 N.Y.2d 20, 25 (N.Y. 1995) (omissions actionable under New York GBL § 349).[6] The standard for determining whether an omission is deceptive is whether a reasonable consumer would have been misled without the omitted information. Davis v. HSBC Bank Nevada, N.A., 691 F.3d 1152, 1169 (9th Cir. 2012) (§ 17200); Colgan v. Leatherman Tool Grp., Inc., 135 Cal. App. 4th 663, 680 (2006) (CLRA); Stutman v. Chemical Bank, 95 N.Y.2d 24, 29 (N.Y. 2000) (New York GBL § 349).

    Under California law, an omission can only provide the basis for a claim of fraudulent or deceptive conduct if it is material, which occurs when "a plaintiff can allege that, had the omitted information been disclosed, one would have been aware of it and behaved differently," Ehrlich, 801 F. Supp. 2d at 916. Courts have found as a matter of course that "[n]ondisclosures about safety considerations of consumer products are material." In re Toyota Motor Corp., 754 F. Supp. 2d 1145, 1173 (C.D. Cal. 2010).

---

    [6] Plaintiffs' also assert a claim under New York General Business Law § 350, which provides "[f]alse advertising in the conduct of any business, trade or commerce or in the furnishing of any service in this state is hereby declared unlawful." The parties agree that "[t]he standard of recovery under [New York] General Business Law § 350, while specific to false advertising, is otherwise identical to [New York General Business Law § 349]." Goshen v. Mutual Life Ins. Co. of New York, 746 N.Y.S. 2d 858, 863 (N.Y. 2002). Therefore, if plaintiffs' have alleged deceptive acts or omissions under § 349, they have also stated a claim under § 350.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-1067 CAS (JCx); Consolidated with CV 11-5465 CAS (JCx) | Date | February 4, 2013 |
|---|---|---|---|
| Title | JILL GUIDO, ET AL. V. L'OREAL, USA, INC., ET AL; Consolidated with CATHERINE ALTAMURA, ET AL. V. L'OREAL, USA, INC., ET AL. | | |

Additionally, a plaintiff can only state a claim for fraudulent omission where a defendant has a duty to disclose the omitted facts, which occurs in four situations: "(1) when the defendant is in a fiduciary relationship with the plaintiff; (2) when the defendant has exclusive knowledge of material facts not known to the plaintiff; (3) when the defendant actively conceals a material fact from the plaintiff; and (4) when the defendant makes partial representations but also suppresses some material facts." Ehrlich, 801 F. Supp. 2d at 916.

New York law similarly requires that an omission be materially deceptive in order to provide the basis of a claim under GBL § 349. Stutman, 95 N.Y.2d at 29. It appears that New York also accepts the rule of thumb that nondisclosures about the safety of a consumer product are material. City of New York v. Lead Industries Ass'n, Inc., 597 N.Y.S. 2d 698, 700 (N.Y. S. Ct. App. Div. 1993) ("Misrepresentations of safety to the public at large, for the purpose of influencing the marketing of a product known to be defective, gives rise to a separate cause of action for fraud."). New York law, like California law, provides that a defendant must have a duty to disclose facts in order to be liable for a fraudulent omission. Oswego Laborers', 85 N.Y.2d at 26 ("the statute surely does not require businesses to ascertain consumers' individual needs and guarantee that each consumer has all relevant information specific to its situation."). A duty to disclose exists where a "business alone possesses material information that is relevant to the consumer and fails to provide this information." Id.

Plaintiffs' allegations successfully state claims under the New York and California consumer protection statutes. Plaintiffs allege that defendants failed to disclose the fact that the Serum was flammable, and this omission was material because, as explained above, if a reasonable consumer using the Serum knows it is flammable, she will be "behave differently" if she has reason to believe that she might encounter a source of ignition. Ehrlich, 801 F. Supp. at 916. Moreover, courts have found as a matter of course that "[n]ondisclosures about safety considerations of consumer products are material." In re Toyota Motor Corp., 754 F. Supp. 2d 1145, 1173 (C.D. Cal. 2010).

Additionally, accepting plaintiffs' allegations as true, defendants had a duty to disclose these facts because they had knowledge that the Serum was flammable, and

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-1067 CAS (JCx); Consolidated with CV 11-5465 CAS (JCx) | Date | February 4, 2013 |
|---|---|---|---|
| Title | JILL GUIDO, ET AL. V. L'OREAL, USA, INC., ET AL; Consolidated with CATHERINE ALTAMURA, ET AL. V. L'OREAL, USA, INC., ET AL. | | |

plaintiffs had no practicable way of discovering this information. Defendants purportedly acquired this knowledge through testing the product. See id. at 1191 – 92. Additionally, the fact that the Serum's packaging used to contain a flammability warning gives rise to a plausible inference that defendants knew it is flammable. It is true that plaintiffs could have been "tipped off" to the possibility that the Serum is flammable because older versions of the product were marketed with a warning label, but this possibility does not extinguish defendants' duty to disclose because it is unreasonable to expect a consumer to seek out information regarding a product's safety in obscure places. See id. at 1192 ("While prospective [Toyota] customers could have been tipped off to the possibility of [sudden unintended acceleration] by researching past complaints filed with NHTSA, many customers would not have performed such a search, nor would they be expected to."). Plaintiffs' allegations therefore satisfy the materiality requirement of a fraud by omission claim and also adequately allege a duty to disclose under California and New York law, and therefore these claims should not be dismissed.[7]

---

[7] Defendants make two additional arguments that apply only to plaintiff's New York claims. First, relying on Small v. Lorillard Tobacco Co., Inc., 698 N.Y.S. 2d 615, 621 (N.Y. Sup. Ct. App. Div. 1999), defendants argue that plaintiffs' have not stated a cognizable claim for damages under § 349. The Court rejects this argument, because plaintiffs have alleged that the failure to affix a warning label on the Serum led to an unjustified increase in its price, and Small tacitly accepts this theory of damages under GBL § 349. Small, 698 N.Y.S. 2d at 621 (rejecting claim because "plaintiffs do not allege that the cost of cigarettes was affected by the alleged misrepresentation"). Second, defendants argue that plaintiffs have not alleged reliance, which is required under GBL § 350 even though it is not required under GBL § 349. Leider v. Raffe, 387 F. Supp. 2d 283, 292 (S.D. N.Y. 2005). However, reliance is presumed, where, as here, "defendants effectively controlled all the information about the transaction" and plaintiffs did not have a reasonable opportunity to discover the information. Id. (quoting Small v. Lorillard Tobacco Co., Inc., 679 N.Y.S.2d 593, 600 (N.Y. Sup. Ct. App. Div. 1998)).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-1067 CAS (JCx); Consolidated with CV 11-5465 CAS (JCx) | Date | February 4, 2013 |
|---|---|---|---|
| Title | JILL GUIDO, ET AL. V. L'OREAL, USA, INC., ET AL; Consolidated with CATHERINE ALTAMURA, ET AL. V. L'OREAL, USA, INC., ET AL. | | |

### B. Claims Alleging that the Serum is Unfit for Particular Uses

In addition to their claims for failure to provide a warning, plaintiffs also allege that defendants made affirmative misrepresentations about the Serum. Specifically, plaintiffs contend that defendants' description of the Serum as a "leave-in" hair product was false or misleading, and similarly claim that it was deceptive for defendants to recommend using the product with a blowdryer. Plaintiffs allege that these statements are misleading because the Serum was not fit for these uses, and pursuant to this theory, plaintiffs assert claims for deceptive conduct and breach of the implied warranty of fitness.

1. Affirmative Misrepresentation Claims

Plaintiffs allege false or deceptive representation claims under several California and New York consumer protection statutes. These statutes utilize a common standard for determining whether a statement is false or misleading: a statement is false or misleading if it would be likely to deceive a reasonable consumer. Davis, 691 F.3d at 1169 (§ 17200); Colgan, 135 Cal. App. 4th at 680 (CLRA); Paduano v. Am. Honda Motor Co., Inc., 169 Cal. App. 4th 1453, 1497–98 (2009) (False Advertising Act); Stutman, 95 N.Y.2d at 29 (N.Y. GBL § 349).[8] Consequently, if a statement would not deceive a reasonable consumer, it is not actionable under any of these consumer protection statutes.

In prior orders, the Court found that defendants' affirmative statements were deceptive or misleading under California consumer protection statutes. In reaching this conclusion, the Court relied on plaintiffs' previous allegations that the Serum had a low flash point, and could ignite when used with a blowdryer or other heated styling appliance. Jill Guido, et al. v. L'Oreal, USA, Inc., et al., cv-11-1067 CAS (JCx), Dkt.

---

[8] Plaintiffs' also assert a misrepresentation claim under the "unlawful" prong of California's UCL, under the theory that defendants' violated 21 C.F.R. § 1.21, which states that a cosmetics label is misleading if it "fails to reveal facts that are material in light of other representations made or suggested by statement, word, design, device or any combination thereof."

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-1067 CAS (JCx); Consolidated with CV 11-5465 CAS (JCx) | Date | February 4, 2013 |
|---|---|---|---|
| Title | JILL GUIDO, ET AL. V. L'OREAL, USA, INC., ET AL; Consolidated with CATHERINE ALTAMURA, ET AL. V. L'OREAL, USA, INC., ET AL. | | |

#32 at 13 – 14.  Given the truth of these allegations, it is simple to explain why defendants' statements were misleading: if a product can ignite when used with a heated styling appliance, it is deceptive to affirm that consumers can use it with a blowdryer, because a reasonable consumer will believe that a company would not recommend using a product with a heated styling appliance unless it is safe to do so.

Now that plaintiffs have abandoned their claim that the Serum can ignite when used with an ordinary heated styling appliance, however, that simple explanation fails.  Given plaintiffs' new allegations, it is no longer the case that using the Serum with a normal blowdryer is unsafe.  However, plaintiffs now explain that defendants' recommendation to use the Serum with a blowdryer is false or misleading because it is unsafe to use the Serum with a defective blowdryer that emits sparks.  Similarly, plaintiffs claim that it is misleading for defendants' to describe the Serum as a "leave-in" product because it is unsafe to keep in one's hair around open flames or other sources of ignition.  The Court disagrees.  The standard for whether a representation is false or misleading is whether a reasonable consumer would be deceived under the circumstances, and defendants' statements would not lead a reasonable consumer to believe that the product can be safely used with a defective, spark-emitting blowdryer.  Moreover, defendants' description of the Serum as a "leave-in" product would not lead a reasonable consumer to believe that the product is safe to use around open flames and other sources of ignition. Consequently, although defendants may have had a duty to warn consumers that the product is flammable for the reasons mentioned above, there is nothing false or misleading about describing the Serum as a "leave-in" product, because this description affirms nothing about the product's flammability.

Essentially, a reasonable consumer would not interpret the statements identified by plaintiffs to affirm anything beyond the fact that the product will act safely when exposed to a normal blowdryer and will not harm a consumer under normal conditions when left in the hair.  The representations do not make any affirmations about whether the product can be used around flames, sparks, and other sources of ignition.  Plaintiffs' affirmative misrepresentation claims therefore should be dismissed.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-1067 CAS (JCx); Consolidated with CV 11-5465 CAS (JCx) | Date | February 4, 2013 |
|---|---|---|---|
| Title | JILL GUIDO, ET AL. V. L'OREAL, USA, INC., ET AL; Consolidated with CATHERINE ALTAMURA, ET AL. V. L'OREAL, USA, INC., ET AL. | | |

      2.    Implied Warranty of Fitness Claim

Plaintiffs allege that defendants breached the implied warranty of fitness by marketing the Serum without a warning stating that it is flammable. Cal. Civ. Code § 1792.1 (implied warranty of fitness). The Song-Beverly Consumer Warranty Act defines the implied warranty of fitness as follows:

> "Implied warranty of fitness" means . . . that when the retailer, distributor, or manufacturer has reason to know any particular purpose for which the consumer goods are required, and further, that the buyer is relying on the skill and judgment of the seller to select and furnish suitable goods, then there is an implied warranty that the goods shall be fit for such purpose

Unlike a claim for violation of the implied warranty of merchantability, a claim for breach of the implied warranty of fitness invokes the concept of a "particular purpose." "A 'particular purpose' differs from the ordinary purpose for which the goods are used in that it envisages a specific use by the buyer which is peculiar to the nature of his business whereas the ordinary purposes for which goods are used are those envisaged in the concept of merchantability and go to uses which are customarily made of the goods in question." American Suzuki Motor Corp. v. Superior Court, 37 Cal. App. 4th 1291, 1295 (Cal. Ct. App. 1995).

Plaintiffs do not explain why either of the uses mentioned in their complaint – leaving the Serum in a consumer's hair or using the Serum with a blowdryer – are "particular purposes" and not ordinary uses. Since these uses of the product appear to be their customary uses, plaintiffs have not pinpointed a particular purpose for which they use the product, and hence have not stated a claim for violation of the implied warranty of fitness. Moreover, even if using the Serum with a blowdryer were a particular purpose, plaintiffs' claim would fail because plaintiffs do not allege that the Serum is unsafe if it is used with a normal blowdryer. Consequently, plaintiffs' claim for breach of the implied warranty of fitness should be dismissed.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-1067 CAS (JCx); Consolidated with CV 11-5465 CAS (JCx) | Date | February 4, 2013 |
|---|---|---|---|
| Title | JILL GUIDO, ET AL. V. L'OREAL, USA, INC., ET AL; Consolidated with CATHERINE ALTAMURA, ET AL. V. L'OREAL, USA, INC., ET AL. | | |

### C. Whether the Claims are Alleged with Sufficient Particularity

Defendants argue that plaintiffs' claims that sound in fraud have not been pled with the specificity required by Federal Rule of Civil Procedure 9(b). Most of defendants' arguments focus on plaintiffs' affirmative misrepresentation claims, and because the Court finds that these claims should be dismissed on other grounds, it need not consider these arguments.

With respect to plaintiffs' fraud by omission claims, defendants argue that they should be dismissed because plaintiffs have not "describe[d] the content of the omission and where the omitted information should or could have been revealed," nor have they "provide[d] representative samples of advertisements, offers, or other representations that plaintiff relied on to make her purchase and that failed to include the allegedly omitted information." Eisen v. Porsche Cars North America, Inc., 2012 WL 841019, 3 (C.D. Cal. 2012) (quoting Marolda v. Symantec Corp., 672 F. Supp. 2d 992, 1002 (N.D. Cal. 2012)). The Court disagrees. Plaintiffs have alleged that defendants failed to disclose that the product is flammable, and that this information should have been disclosed on the Serum's packaging. These allegations explain the content of the omission, and pinpoint the label or packaging as the place where plaintiffs would have looked for and found the omitted information had it been provided by defendants. Plaintiffs have therefore satisfied Rule 9(b)'s heightened pleading standard for their fraud by omission claims. See Kearns v. Ford Motor Co., 567 F.3d 1120, 1127 (9th Cir. 2009) (nondisclosure claims must be pled with specificity).[9]

---

[9] At oral argument, counsel for defendants' argued that plaintiffs should have identified in their complaint which chemicals in the Serum are flammable, and generally had to plead more specific details explaining what makes the Serum flammable. In response, plaintiffs explained that they had an expert report setting out details regarding the Serum's flammability, but did not include this information in their complaint in an order to keep their pleading concise. See Fed. R. Civ. Proc. 8(a)(2). While plaintiffs do not have a duty under Federal Rule of Civil Procedure 9(b) to plead what ingredients make the Serum flammable, providing defendants with the information they have in their

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | CV 11-1067 CAS (JCx); Consolidated with CV 11-5465 CAS (JCx) | Date | February 4, 2013 |
| Title | JILL GUIDO, ET AL. V. L'OREAL, USA, INC., ET AL; Consolidated with CATHERINE ALTAMURA, ET AL. V. L'OREAL, USA, INC., ET AL. | | |

### D. Motion to Strike

Defendants' raise two grounds for striking the class allegations. First, defendants argue that the new lead plaintiffs were "recruited" for this litigation by plaintiffs' counsel. Lawyers may solicit clients for litigation, so this argument fails. See Gulf Oil Co. v. Bernard, 452 U.S. 89, 99 – 103 (1981); Zauderer v. Ofc. Of Disciplinary Counsel, 471 U.S. 626, 639 – 647 (1985). Second, defendants suggest that the class action allegations should be stricken because the lead plaintiffs are not the "driving force" of this litigation, and instead that plaintiffs' counsel has manipulated the plaintiffs into being a part of this lawsuit. The Court rejects this argument because, among other reasons, defendants have not submitted any evidence calling into question the good faith of plaintiffs or their counsel.

Defendants also cursorily argue that the class allegations should be stricken because the new putative lead plaintiffs have not alleged facts satisfying the typicality requirement of Federal Rule of Civil Procedure 23(a). To the extent it appears that defendants are arguing that Federal Rule of Civil Procedure 9(b) requires plaintiffs to allege with particularity facts establishing typicality, the Court finds that defendants have not cited sufficient authority in support of this position. Moreover, plaintiffs' allegations do not show that it would be impossible for plaintiffs to satisfy the typicality requirement, and hence a motion to strike would be inappropriate. See Sanders v. Apple, Inc., 672 F. Supp. 2d 978, 990 (N.D. Cal. 2009) (motion to strike class allegations should only be granted where a court is convinced that "under no set of circumstances could the claim . . . succeed.").

### V. CONCLUSION

In accordance with the foregoing, defendants' motion is GRANTED IN PART and DENIED IN PART. The Court dismisses plaintiffs' second claim for relief in its entirety

---

possession about the Serum's flammability would be desirable "to secure the just, speedy, and inexpensive determination" of this action. Fed. R. Civ. Proc. 1.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-1067 CAS (JCx); Consolidated with CV 11-5465 CAS (JCx) | Date | February 4, 2013 |
|---|---|---|---|
| Title | JILL GUIDO, ET AL. V. L'OREAL, USA, INC., ET AL; Consolidated with CATHERINE ALTAMURA, ET AL. V. L'OREAL, USA, INC., ET AL. | | |

WITH PREJUDICE, and the Court also dismisses WITH PREJUDICE plaintiffs' third through seventh claims to the extent they assert claims for fraudulent or deceptive conduct based on affirmative false misrepresentations.  Otherwise, defendants' motion to dismiss is denied.

   IT IS SO ORDERED.

|  | 00 | : | 13 |
|---|---|---|---|
| Initials of Preparer | | CMJ | |